**Thomas Alexander KANE, Appellant,**

v.

**The STATE of Texas.**

**Nos. 2–01–484–CR, 2–01–485–CR.**

Court of Appeals of Texas,
Fort Worth.

June 20, 2002.

Gene de Bullet, Jr., Gene De Bullett, Jr., P.C., Fort Worth, for appellant.

Tim Curry, Crim., D.A., Charles M. Mallin, Asst. Crim., D.A., Chief of Appellate Division, Edward L. Wilkinson, Shawn Paschall, Ben Leonard, Asst. Crim., D.A.s, Fort Worth, for state.

Panel B: DAUPHINOT, HOLMAN, and WALKER, JJ.

## OPINION

Sue Walker, Justice.

### I. INTRODUCTION

Appellant Thomas Alexander Kane ("Kane") entered an open plea of guilt to two charges of aggravated sexual assault of a child. The trial court sentenced Kane to forty years' confinement for each offense and ordered that the sentences run concurrently. In a single point on appeal, Kane contends that the trial court erred by failing to appoint appellate counsel until after the time for filing a motion for new trial had expired. We affirm.

### II. BACKGROUND

The trial court imposed Kane's sentences on October 26, 2001. Therefore, the time period for filing a motion for new trial ended on November 26, 2001. *See* TEX.R.APP. P. 21.4(a); *see also* TEX.R.APP. P. 4.1(a). Kane's retained trial counsel did not file a motion for new trial, a notice of appeal, or a motion to withdraw.

On November 19, 2001, twenty-four days after sentencing, Kane filed a pro se notice of appeal. He filed an identical notice of appeal on November 27, 2001. Both notices were dated November 12, 2001. On November 28, 2001, the trial court, apparently on its own motion, appointed appellate counsel for Kane. Kane later retained appellate counsel, and we granted Kane's

motion to substitute retained counsel for the counsel appointed by the trial court.

## III. DISCUSSION

■ Kane argues that the trial court erred by failing to appoint appellate counsel until after the time for filing a motion for new trial had ended. He contends that the trial court's inaction resulted in the denial of his right to counsel. He also contends that he received ineffective assistance of counsel because counsel did not file a motion for new trial, seek to withdraw, or obtain appointed counsel for him. We address these two contentions.

■ Following sentencing, when trial counsel does not withdraw and is not replaced by new counsel, a presumption exists that trial counsel continued to effectively represent the defendant during the time for filing a motion for new trial. *Smith v. State,* 17 S.W.3d 660, 662 (Tex. Crim.App.2000); *Oldham v. State,* 977 S.W.2d 354, 363 (Tex.Crim.App.1998) (op. on reh'g), *cert. denied,* 525 U.S. 1181, 119 S.Ct. 1121, 143 L.Ed.2d 116 (1999). Here, the record reflects that Kane was represented by retained counsel through sentencing. Retained trial counsel did not withdraw and was not replaced by new counsel during the time for filing a motion for new trial. There is no evidence in the record that trial counsel thought his duties were through and abandoned Kane. Accordingly, the presumption that trial counsel continued to effectively represent Kane during the time for filing a motion for new trial has not been rebutted. *See Smith,* 17 S.W.3d at 663; *Oldham,* 977 S.W.2d at 363.

The only indication in the record that Kane's retained trial counsel no longer represented him occurred thirty-three days after sentencing—two days after the time for filing a motion for new trial had expired—when the trial court appointed another lawyer to represent Kane on appeal. The appointment of counsel after the expiration of the time to file a motion for new trial does not rebut the presumption that Kane's retained trial counsel continued to represent him up to this time. *See Oldham,* 977 S.W.2d at 355 (implicitly holding mere fact of trial court's appointment of appellate counsel after motion for new trial deadline passed did not rebut presumption of continued representation by trial counsel).

■ Kane argues that his pro se notices of appeal show his trial counsel abandoned him. To the contrary, Kane's pro se notices of appeal demonstrate that his retained trial counsel informed him of at least some of his appellate rights and support the proposition that Kane's retained trial counsel continued to effectively represent him post-sentence. *See Smith,* 17 S.W.3d at 663; *Oldham,* 977 S.W.2d at 363.

■ Also in support of his contention that he was denied counsel during the time for filing a motion for new trial, Kane asserts that because there is no right to hybrid representation, his pro se notices of appeal indicate retained trial counsel had abandoned him. But the fact that a defendant has no right to appear pro se and also have standby counsel does not mean that it never occurs or that a court cannot allow it. *See Fulbright v. State,* 41 S.W.3d 228, 235 (Tex.App.-Fort Worth 2001, pet. ref'd). For these reasons, appellant's pro se notices of appeal do not support Kane's position that he was denied counsel during the time for filing a motion for new trial. We hold that Kane was not denied counsel during the time for filing a motion for new trial.[1] *See Smith,* 17 S.W.3d at 663; *Oldham,* 977 S.W.2d at 363.

1. Because we have determined Kane was not deprived of counsel, we do not address the

Next Kane argues that he was deprived of effective assistance of counsel during the time for filing a motion for new trial because retained trial counsel did not file a motion for new trial, seek to withdraw, or obtain appointed appellate counsel for him. We apply a two-pronged test to ineffective assistance of counsel claims. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999). First, appellant must show that his counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson,* 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *Strickland,* 466 U.S. at 688–89, 104 S.Ct. at 2065. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. at 2066. Specifically, when a motion for new trial is not filed by counsel, a rebuttable presumption exists that the defendant received advice about the merits of such a motion but rejected the option. *Smith,* 17 S.W.3d at 663; *Oldham,* 977 S.W.2d at 363.

An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively

demonstrate the alleged ineffectiveness. *Thompson,* 9 S.W.3d at 814. Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

The record before us presents no evidence to rebut the presumption that the representation Kane received during the time for filing a motion for new trial was adequate, i.e., the presumption that Kane received advice about the merits of filing a motion for new trial but rejected the option. *See Smith,* 17 S.W.3d at 663; *Oldham,* 977 S.W.2d at 363. Accordingly, because the record is insufficient to satisfy *Strickland*'s first prong, Kane has failed to establish that his counsel was ineffective. *See Smith,* 17 S.W.3d at 663; *Oldham,* 977 S.W.2d at 363. We overrule Kane's sole point.

## IV. Conclusion

Having overruled Kane's sole point, we affirm the trial court's judgments.

DAUPHINOT, J., filed a concurring opinion.

DAUPHINOT, J., concurring.

The majority correctly tracks controlling decisions from the Court of Criminal Appeals and conscientiously applies the tests and presumptions mandated by those decisions.[1] I respectfully disagree, however, with the mandate that we must presume trial counsel advised Appellant of the merit (or lack of merit) in filing a motion for new trial and that Appellant rejected that ad-

---

issue of whether he was entitled to counsel during the time period for filing a motion for new trial. *See Smith,* 17 S.W.3d at 663 n. 3; *Oldham,* 977 S.W.2d at 361.

1. *Smith v. State,* 17 S.W.3d 660 (Tex.Crim. App.2000); *Oldham v. State,* 977 S.W.2d 354 (Tex.Crim.App.1998) (op. on reh'g), *cert. denied,* 525 U.S. 1181, 119 S.Ct. 1121, 143 L.Ed.2d 116 (1999).

vice, when there is no basis in the record to support this presumption.[2] And I respectfully disagree with the mandate that, on the basis of that unsupported presumption, we must then presume effective representation in the face of a record that affirmatively shows that counsel failed to perform as counsel for Appellant in any way during the thirty-day period for filing a motion for new trial.[3] Even attorneys who certify an appeal as frivolous are required to make an *actual* showing that counsel has adequately informed the defendant of his appellate rights and the controlling timetables.[4] The United States Supreme Court announced this requirement in *Anders v. California.*[5]

Rather than grounding a presumption of effective assistance of counsel on nothing more than another presumption of conversations that the record does not show occurred, I believe that we should apply the standard for gauging effectiveness of counsel that we apply in most other circumstances, the *Strickland* standard.[6]

The burden of showing ineffective representation of counsel rests on the party claiming ineffectiveness; thus under the *Strickland* standard, the appellant must show that his counsel's performance was deficient.[7] While cases speak of the strong presumption that counsel performed effectively, I believe that the correct presumption should be that counsel's decisions were reasonable. Indeed, cases

that speak of the difficulty of an appellant's sustaining his burden on direct appeal point out that "[t]he *reasonableness* of counsel's choices often involves facts that do not appear in the appellate record."[8] As the Texas Court of Criminal Appeals has stated:

> In the case at bar, the record that appellant brought to the Court of Appeals failed to rebut this strong presumption of reasonable counsel, and, therefore, we hold that the Court of Appeals erred in concluding counsel was ineffective based on the record before it. A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal. Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation.[9]

Because this court has no choice but to follow the precedent established by the Texas Court of Criminal Appeals, I am compelled to concur in the majority's analysis. I would respectfully urge the Texas Court of Criminal Appeals, however, to consider applying, as it does in other circumstances, a reasonableness standard to actions and omissions of counsel during the thirty-day period for filing a motion for new trial. Similarly, I respectfully urge it to reconsider its decisions to presume ac-

---

**2.** *See Smith*, 17 S.W.3d at 663; *Oldham*, 977 S.W.2d at 363.

**3.** *See Smith*, 17 S.W.3d at 663; *Oldham*, 977 S.W.2d at 363.

**4.** *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

**5.** *Id.*

**6.** *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**7.** *Id.* at 687, 104 S.Ct. at 2064; *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002).

**8.** *Mitchell*, 68 S.W.3d at 642 (emphasis added).

**9.** *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim.App.1999).

tions by trial counsel when those presumptions have no support in the record.