COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
   
NO. 2-02-441-CR
   
KEVIN DUANE TALKINGTON                                                   APPELLANT
   
V.
   
THE STATE OF TEXAS                                                                  STATE
   
------------
 
FROM COUNTY CRIMINAL COURT NO. 
9 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Kevin Duane Talkington appeals his conviction for misdemeanor driving while 
intoxicated (“DWI”), which was enhanced by a prior DWI conviction. A jury 
found him guilty as charged, and the court sentenced him to sixty days’ 
confinement in the Tarrant County Jail and a $750 fine. Appellant raises eleven 
points.[2]  We will affirm.
FACTUAL AND PROCEDURAL BACKGROUND
        Because 
sufficiency of the evidence is not at issue, we need only briefly discuss the 
facts of this case. On January 1, 2002, Corporal Shawn Holt and Officer Ralph 
Salazar, of the Haltom City Police Department, noticed Appellant pull out of a 
parking lot in front of the Cowtown Country nightclub. The officers followed 
Appellant and observed him weave within the lane and make a quick right turn 
from the left lane, without signaling a proper distance before turning. The 
officers followed the car as it pulled in front of a house.
        Officer 
Salazar approached the car and spoke with Appellant. The officer noticed that 
Appellant’s eyes were “very bloodshot” and that there was a strong odor of 
alcohol coming from both Appellant and his vehicle. Appellant’s speech was 
also slurred. When asked, Appellant told Officer Salazar that he drank “three 
or four” beers that night.
        Appellant 
did poorly on the horizontal gaze nystagmus, walk-and-turn, and one-leg stand 
field sobriety tests he agreed to perform. After being taken to the intoxilyzer 
room and read his statutory DWI warnings, Appellant refused to submit a breath 
sample or to perform any further sobriety testing. See Tex. Transp. Code Ann. § 724.015 (Vernon Supp. 2004). In a 
post-arrest search of Appellant’s vehicle, the officers found a three-quarters 
full, open bottle of vodka under the front passenger seat, with the neck of the 
bottle facing toward the driver’s side. Both officers opined that Appellant 
had lost the normal use of his mental and/or physical faculties at the time he 
operated his vehicle due to the ingestion of alcohol. After hearing and 
considering all of the evidence presented, a jury found Appellant guilty as 
charged.
PROBABLE CAUSE
        In 
his first point, Appellant complains that “[t]he trial court erred . . . in 
overruling [his] objection to the stop, detention, arrest and search of the 
Appellant and his property and to the seizure of such property [because they] 
were not justified nor supported by probable cause.” Appellant did not, 
however, present this argument to the trial court. To preserve a complaint for 
our review, a party must have presented to the trial court a timely request, 
objection, or motion that states the specific grounds for the desired ruling if 
they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); Mosley v. 
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999). Accordingly, we will not consider 
Appellant’s complaints in his first point because they are not properly before 
us. We overrule point one.
ADMISSION OF VODKA BOTTLE
        In 
his second point, Appellant argues that the trial court abused its discretion by 
admitting the partially filled bottle of vodka found in his car because it was 
not relevant, constituted extraneous offense evidence, and was substantially 
more prejudicial than probative. See Tex. R. Evid. 401, 403, 404. We review a 
trial court’s decision to admit evidence under an abuse of discretion 
standard. Salazar v. State, 38 S.W.3d 141, 153-54 (Tex. Crim. App.), cert. 
denied, 534 U.S. 855 (2001). We will not reverse a trial court’s ruling 
concerning the admission of evidence unless that ruling falls outside the zone 
of reasonable disagreement. Id.
        As 
the State points out, Corporal Holt testified without objection on direct 
examination that after Appellant’s arrest, he and other officers searched 
Appellant’s car and found “one bottle of McCormick vodka that was 
approximately three-quarters full . . . underneath the right front passenger 
seat” and which had been opened. On cross-examination, Corporate Holt 
testified that he had not checked the bottle for fingerprints, and when asked 
whether he thought the bottle “necessarily ha[d] anything to do with the facts 
of this case,” he responded, “I don’t know.” Both officers testified, 
however, that they detected a strong smell of alcohol in Appellant’s car and 
on his breath. Moreover, neither officer ruled out the possibility that 
Appellant had consumed vodka in addition to the beer he admitted drinking on the 
night he was arrested. Based on this testimony and the other evidence of 
Appellant’s intoxication, we cannot say that the vodka bottle was barred by 
rules 401, 403, or 404(b) or that the trial court abused its discretion in 
admitting the vodka bottle. See Tex. 
R. Evid. 401, 403, 404(b); Salazar, 38 S.W.3d at 153-54; see 
also Perry v. State, 991 S.W.2d 50, 52 (Tex. App.—Fort Worth 1998, pet. 
ref’d) (listing the presence of alcohol in the defendant’s car, among other 
evidence, as proof of the defendant’s guilt of DWI). Accordingly, we overrule 
Appellant’s second point.
JURY ARGUMENT
        In 
his fourth through eleventh points, Appellant argues that the trial court erred 
in overruling his objections to various portions of the State’s jury argument. 
To be permissible, the State’s jury argument must fall within one of the 
following four general areas: (1) summation of the evidence; (2) reasonable 
deduction from the evidence; (3) answer to argument of opposing counsel; or (4) 
plea for law enforcement. Felder v. State, 848 S.W.2d 85, 94-95 (Tex. 
Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro v. 
State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).
        In 
his fourth point, Appellant complains that the following remark from the 
State’s jury argument was outside the record: “Officer Salazar indeed finds 
out later that they weren’t expecting him that night.” The State 
acknowledges that this statement was outside the record, but it argues that the 
trial court’s failure to sustain Appellant’s objection constituted harmless 
error. See Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999) 
(holding that error exists when facts not supported by the record are 
interjected in the argument), cert. denied, 531 U.S. 837 (2000).
        If 
a jury argument exceeds the bounds of proper argument, the trial court’s 
erroneous overruling of a defendant’s objection is not reversible error unless 
it affected the appellant’s substantial rights. Tex. R. App. P. 44.2(b); Martinez v. 
State, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); Mosley, 983 
S.W.2d at 259. In determining whether the appellant’s substantial rights were 
affected, we consider: (1) the severity of the misconduct (i.e., the prejudicial 
effect of the prosecutor’s remarks), (2) curative measures, and (3) the 
certainty of conviction absent the misconduct. Martinez, 17 S.W.3d at 
692-93; Mosley, 983 S.W.2d at 259. In reviewing the entire record, we 
agree with the State that the error was harmless because the prejudicial effect 
of the State’s remark was minimal, the State did not repeat or emphasize the 
comment, and the certainty of conviction was great in light of the evidence 
adduced during trial. See Tex. R. 
App. P. 44.2(b); Martinez, 17 S.W.3d at 692-93; Mosley, 983 
S.W.2d at 259. We overrule point four.
        In 
his fifth point, Appellant contends that the trial court erred in overruling his 
objection to the State’s jury argument consisting of “[n]ow he gets in [the 
intoxilyzer room] and sees [a] camera and says, I’m not going to do anything 
for you, okay, because I don’t want to show anybody anything. Not just the 
officers, but you all.” Appellant argues that the preceding argument was 
improper because the State commented upon his post-arrest silence and his 
failure to testify at trial. We disagree.
        The 
State is permitted to comment upon a defendant’s refusal to take a breath test 
or his refusal to perform a sobriety test on videotape. See Emigh v. State, 
916 S.W.2d 71, 73 (Tex. App.—Houston [1st Dist.] 1996, no pet.); Jordan v. 
State, 897 S.W.2d 909, 912-13 (Tex. App.—Fort Worth 1995, no pet.). Here, 
the State reminded the jury of the video they had seen during trial showing 
Appellant’s arrival at the intoxilyzer room and his refusal to give a breath 
sample or to perform any sobriety tests, and the State reiterated that Appellant 
told the officers they should have had his field sobriety tests on camera. As 
such, the State was summarizing the evidence before the jury and therefore did 
not engage in improper jury argument. See Emigh, 916 S.W.2d at 73; 
Jordan, 897 S.W.2d at 912-13. We also conclude that the State’s remarks 
were not improper comments on Appellant’s post-arrest silence. See id.; 
Jones v. State, 795 S.W.2d 171, 174 n.3 (Tex. Crim. App. 1990); McCambridge 
v. State, 712 S.W.2d 499, 505-06 (Tex. Crim. App. 1986). We overrule point 
five.
        In 
his sixth and seventh points, Appellant asserts that the trial court erred in 
overruling two objections during the following portion of the State’s jury 
argument:
[STATE]: 
. . . . Do you see disability? At one point, he tells them about a bunion on his 
leg. You think that maybe if he had a fake leg, bad back, MS, anything, he might 
mention that because he’s going to bring up a bunion? But he doesn’t tell 
you there’s anything wrong with him. Is he normal? Yes, he’s normal. He’s 
as normal as the rest of us. There’s nothing about him --
 
[DEFENSE 
COUNSEL]: I object. I object. That’s a comment on the defendant’s silence at 
trial.
 
THE 
COURT: Overruled.
 
[STATE]: 
There is nothing about him that make’s [sic] him unable to do these tests.
 
[DEFENSE 
COUNSEL]: I object. Comment on -- It’s outside of the record and it’s also a 
comment about his silence.
 
THE 
COURT: Overruled. Y’all remember what the evidence was.

  
        We 
agree with the State that the trial court did not err when it overruled both of 
these objections. In response to trial counsel’s argument that he did not know 
what was normal for Appellant, the State argued that, despite Appellant’s 
alleged bunion, he was normal and should have been able to perform the sobriety 
tests. We conclude that the State’s argument properly commented upon 
Appellant’s refusal on the videotape to perform further sobriety tests. See 
Emigh, 916 S.W.2d at 73; Jordan, 897 S.W.2d at 912-13. Further, even 
if the argument constituted a remark on Appellant’s silence at trial, we think 
the argument can reasonably be construed to refer to Appellant’s failure to 
present evidence of his disability through means other than that of his own 
testimony and therefore was not improper. Fuentes v. State, 991 S.W.2d 
267, 275 (Tex. Crim. App.), cert. denied, 528 U.S. 1026 (1999); Wolfe 
v. State, 917 S.W.2d 270, 279 (Tex. Crim. App. 1996); Madden v. State, 
799 S.W.2d 683, 700 (Tex. Crim. App. 1990), cert. denied, 499 U.S. 954 
(1991). We overrule points six and seven.
        In 
his eighth point, Appellant directs us to another statement from the State’s 
jury argument: “A bunion on your foot doesn’t make you incapable to do a 
walk and turn.” Appellant argues that the trial court erred in overruling his 
objection to this statement, contending that the State was presenting further 
testimony and arguing outside the record. The jury viewed the tape of Appellant 
performing the field sobriety tests and heard him tell the officers on two 
occasions that he had a bunion on his left foot. We agree with the State that 
the prosecutor’s statement constituted a fair, legitimate, and reasonable 
inference drawn from the facts in evidence and that the trial court did not err 
in overruling Appellant’s objection to the statement. See Barnes v. State, 
70 S.W.3d 294, 308 (Tex. App.—Fort Worth 2002, pet. ref’d). Accordingly, we 
overrule point eight.
        In 
his ninth point, Appellant maintains that the State improperly commented on his 
failure to testify when it argued, “Because he doesn’t want y’all to know 
whether or not he’s got this in him, plus the four beers, whether he’s got 
just the four -- he doesn’t want you to know -- [.]“ He argues that the 
trial court erred in overruling his objection. We disagree. Immediately before 
the statement to which Appellant objected, the State reviewed Appellant’s 
refusal to repeat the field sobriety tests in the intoxilyzer room and his 
refusal to submit a breath sample. We conclude that the State then drew a 
reasonable inference from Appellant’s actions, i.e., that he refused to submit 
the breath sample because he did not want to reveal that he had consumed more 
alcohol than the four beers he admitted drinking. See Gaddis v. State, 
753 S.W.2d 396, 398 (Tex. Crim. App. 1988) (holding that the State’s argument 
that a defendant refused to take a breath test “[b]ecause if he blows in the 
machine, the game is over” was a reasonable and legitimate inference and 
constituted proper argument). We overrule point nine.
        Appellant 
argues in his tenth and eleventh points[3] that the 
State engaged in improper jury argument when the prosecutor stated, “Yes, 
Defense Counsel doesn’t have a burden, but once he chooses to, he doesn’t 
get to create reasonable doubt by coming up with unreasonable ideas -- [.]“ 
Appellant contends that the trial court erred in overruling his objection to 
this remark because the State’s argument was an impermissible strike at him 
over the shoulder of his trial counsel. See McMurrough v.State, 995 
S.W.2d 944, 947 (Tex. App.—Fort Worth 1999, no pet.) (stating that 
“[s]triking at the defendant over the shoulders of his counsel is 
impermissible”). We conclude that the trial court did not err in overruling 
Appellant’s objection to this remark because the argument was not improper. See 
Coble v. State, 871 S.W.2d 192, 205 (Tex. Crim. App. 1993) (holding that the 
trial court did not err in allowing argument that defense counsel was arguing 
“something ridiculous”), cert. denied, 513 U.S. 829 (1994); Tilbury 
v. State, 890 S.W.2d 219, 224 (Tex. App.—Fort Worth 1994, no pet.) 
(holding that the trial court did not err in allowing argument that defense 
counsel tried to “manufactur[e] reasonable doubt” where there is none 
because the argument did not accuse defense counsel of “manufacturing 
evidence”). We therefore overrule Appellant’s tenth and eleventh points.

DEPRIVATION OF COUNSEL AND INEFFECTIVE ASSISTANCE OF 
COUNSEL
        In 
his twelfth point, Appellant complains of two matters related to his 
representation after sentencing. Appellant first asserts that the trial court 
erred in failing to appoint counsel to represent him in a timely manner to 
assist at a critical stage of the prosecution with the preparation and filing of 
a timely and proper motion for new trial.
        We 
agree with the State that this case is controlled by Kane v. State, 80 
S.W.3d 693 (Tex. App.—Fort Worth 2002, pet. ref’d). As we stated in Kane, 
“Following sentencing, when trial counsel does not withdraw and is not 
replaced by new counsel, a presumption exists that trial counsel continued to 
effectively represent the defendant during the time for filing a motion for new 
trial.” Id. at 695 (citing Smith v. State, 17 S.W.3d 660, 662 
(Tex. Crim. App. 2000); Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. 
App. 1998) (op. on reh’g), cert. denied, 525 U.S. 1181 (1999)). Here, 
the trial court sentenced Appellant on October 29, 2002. While Appellant’s 
retained counsel did not file a motion for new trial, notice of appeal, or 
motion to withdraw,[4] Appellant, acting pro se, 
timely filed a notice of appeal on October 29, a motion for new trial and notice 
of appeal on October 30, and a notice of appeal on November 7.
        Similar 
to Kane, Appellant’s pro se filings “demonstrate that his retained 
trial counsel informed him of at least some of his appellate rights and support 
the proposition that [his] trial counsel continued to effectively represent him 
post-sentence.” Id. (citing Smith, 17 S.W.3d at 662-63; Oldham, 
977 S.W.2d at 363). We cannot conclude that Appellant rebutted the presumption 
that trial counsel continued to represent him effectively during the time for 
filing a motion for new trial, and we hold that Appellant was not deprived of 
counsel during that time. See Smith, 17 S.W.3d at 662-63; Oldham, 
977 S.W.2d at 363; Kane, 80 S.W.3d at 695.
        Appellant 
next argues that his trial counsel rendered ineffective assistance of counsel by 
failing to file a motion for new trial or seeking “to withdraw or have 
court-appointed counsel substituted for him during a critical stage of the 
prosecution”—the time for filing a motion for new trial. See Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984) (establishing 
a two-pronged test for ineffective assistance claims); Thompson v. State, 
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). We rejected this exact argument in Kane. 
80 S.W.3d at 695-96. As in Kane, the record before us does not show that 
Appellant has rebutted the presumption that the representation Appellant 
received during the time for filing a motion for new trial was adequate, i.e. 
the presumption that he received advice about the merits of trial counsel filing 
a motion for new trial but rejected the option. Id. at 696 (citing Smith, 
17 S.W.3d at 662-63; Oldham, 977 S.W.2d at 363); see also Thompson, 
9 S.W.3d at 814 (stating that claims of ineffective assistance must be firmly 
rooted in the record). Because Appellant has not shown that his trial 
counsel’s performance was deficient, as he must under the first Strickland 
prong, we hold that he has not met his burden of establishing that trial counsel 
rendered ineffective assistance.[5] Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064; Kane, 80 S.W.3d at 696. Accordingly, 
we overrule point twelve.
CONCLUSION
        Having 
overruled all of Appellant’s points, we affirm the trial court’s judgment.
  
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
  
   
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and HOLMAN, JJ.
   
DO NOT PUBLISH
Tex. R. App. 
P. 47.2(b)
  
DELIVERED: January 22, 2004
 

 
NOTES
1. 
See Tex. R. App. P. 47.4.
2. In his brief, Appellant lists twelve points; however, he 
does not label one as his third point. We will refer to his eleven points as he 
has designated them.
3. Appellant’s tenth and eleventh points state the same 
complaint with respect to the same portion of the State’s jury argument.
4. On December 13, 2002, we received a letter from 
Appellant’s trial counsel informing us that he had not been retained or 
appointed to represent Appellant in this appeal. Nothing in the record, however, 
suggests that the trial court was made aware that it might be necessary to 
review the appointment of counsel until we abated Appellant’s appeal and 
remanded the case in March 2003.
5. The court of criminal appeals has stated that “the 
record on direct appeal will generally ‘not be sufficient to show that 
counsel’s representation was so deficient as to meet the first part of the Strickland 
standard’ as ‘[t]he reasonableness of counsel’s choices often involves 
facts that do not appear in the appellate record.’” Rylander v. State, 
101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (citation omitted). Thus, the court 
has indicated that “an application for a writ of habeas corpus is the more 
appropriate vehicle to raise ineffective assistance of counsel claims.” Id.