TALKINGTON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-441-CR

KEVIN DUANE TALKINGTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Kevin Duane Talkington appeals his conviction for misdemeanor driving while intoxicated (“DWI”), which was enhanced by a prior DWI conviction.  A jury found him guilty as charged, and the court sentenced him to sixty days’ confinement in the Tarrant County Jail and a $750 fine.  Appellant raises eleven points.
(footnote: 2)  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Because sufficiency of the evidence is not at issue, we need only briefly discuss the facts of this case.  On January 1, 2002, Corporal Shawn Holt and Officer Ralph Salazar, of the Haltom City Police Department, noticed Appellant pull out of a parking lot in front of the Cowtown Country nightclub.  The officers followed Appellant and observed him weave within the lane and make a quick right turn from the left lane, without signaling a proper distance before turning.  The officers followed the car as it pulled in front of a house.

Officer Salazar approached the car and spoke with Appellant.  The officer noticed that Appellant’s eyes were “very bloodshot” and that there was a strong odor of alcohol coming from both Appellant and his vehicle.  Appellant’s speech was also slurred.  When asked, Appellant told Officer Salazar that he drank “three or four” beers that night.

Appellant did poorly on the horizontal gaze nystagmus, walk-and-turn, and one-leg stand field sobriety tests he agreed to perform.  After being taken to the intoxilyzer room and read his statutory DWI warnings, Appellant refused to submit a breath sample or to perform any further sobriety testing.  
See 
Tex. Transp. Code Ann.
 § 724.015 (Vernon Supp. 2004).  In a post-arrest search of Appellant’s vehicle, the officers found a three-quarters full, open bottle of vodka under the front passenger seat, with the neck of the bottle facing toward the driver’s side.  Both officers opined that Appellant had lost the normal use of his mental and/or physical faculties at the time he operated his vehicle due to the ingestion of alcohol.  After hearing and considering all of the evidence presented, a jury found Appellant guilty as charged.

PROBABLE CAUSE

In his first point, Appellant complains that “[t]he trial court erred . . . in overruling [his] objection to the stop, detention, arrest and search of the Appellant and his property and to the seizure of such property [because they] were not justified nor supported by probable cause.”  Appellant did not, however, present this argument to the trial court.  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Accordingly, we will not consider Appellant’s complaints in his first point because they are not properly before us.  We overrule point one.

ADMISSION OF VODKA BOTTLE

In his second point, Appellant argues that the trial court abused its discretion by admitting the partially filled bottle of vodka found in his car because it was not relevant, constituted extraneous offense evidence, and was substantially more prejudicial than probative.  
See
 
Tex. R. Evid
. 401, 403, 404.  We review a trial court’s decision to admit evidence under an abuse of discretion standard.  
Salazar v. State
, 38 S.W.3d 141, 153-54 (Tex. Crim. App.), 
cert. denied
, 534 U.S. 855 (2001).  We will not reverse a trial court’s ruling concerning the admission of evidence unless that ruling falls outside the zone of reasonable disagreement.  
Id
.

As the State points out, Corporal Holt testified without objection on direct examination that after Appellant’s arrest, he and other officers searched Appellant’s car and found “one bottle of McCormick vodka that was approximately three-quarters full . . . underneath the right front passenger seat” and which had been opened.  On cross-examination, Corporate Holt testified that he had not checked the bottle for fingerprints, and when asked whether he thought the bottle “necessarily ha[d] anything to do with the facts of this case,” he responded, “I don’t know.”  Both officers testified, however, that they detected a strong smell of alcohol in Appellant’s car and on his breath. Moreover, neither officer ruled out the possibility that Appellant had consumed vodka in addition to the beer he admitted drinking on the night he was arrested.  Based on this testimony and the other evidence of Appellant’s intoxication, we cannot say that the vodka bottle was barred by rules 401, 403, or 404(b) or that the trial court abused its discretion in admitting the vodka bottle.  
See
 
Tex. R. Evid
. 401, 403, 404(b); 
Salazar
, 38 S.W.3d at 153-54; 
see also Perry v. State
, 991 S.W.2d 50, 52 (Tex. App.—Fort Worth 1998, pet. ref’d) (listing the presence of alcohol in the defendant’s car, among other evidence, as proof of the defendant’s guilt of DWI).  Accordingly, we overrule Appellant’s second point.

JURY ARGUMENT

In his fourth through eleventh points, Appellant argues that the trial court erred in overruling his objections to various portions of the State’s jury argument.  To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

In his fourth point, Appellant complains that the following remark from the State’s jury argument was outside the record:  “Officer Salazar indeed finds out later that they weren’t expecting him that night.”  The State acknowledges that this statement was outside the record, but it argues that the trial court’s failure to sustain Appellant’s objection constituted harmless error.  
See Guidry v. State
, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999) (holding that error exists when facts not supported by the record are interjected in the argument),
 cert. denied
, 531 U.S. 837 (2000).  

If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection is not reversible error unless it affected the appellant’s substantial rights.  
Tex. R. App. P. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley
, 983 S.W.2d at 259.  In determining whether the appellant’s substantial rights were affected, we consider:  (1) the severity of the misconduct (i.e., the prejudicial effect of the prosecutor’s remarks), (2) curative measures, and (3) the certainty of conviction absent the misconduct.  
Martinez
, 17 S.W.3d at 692-93; 
Mosley
, 983 S.W.2d at 259.  In reviewing the entire record, we agree with the State that the error was harmless because the prejudicial effect of the State’s remark was minimal, the State did not repeat or emphasize the comment, and the certainty of conviction was great in light of the evidence adduced during trial.  
See
 
Tex. R. App. P.
 44.2(b); 
Martinez
, 17 S.W.3d at 692-93; 
Mosley
, 983 S.W.2d at 259.  We overrule point four.

In his fifth point, Appellant contends that the trial court erred in overruling his objection to the State’s jury argument consisting of “[n]ow he gets in [the intoxilyzer room] and sees [a] camera and says, I’m not going to do anything for you, okay, because I don’t want to show anybody anything.  Not just the officers, but you all.”  Appellant argues that the preceding argument was improper because the State commented upon his post-arrest silence and his failure to testify at trial.  We disagree.

The State is permitted to comment upon a defendant’s refusal to take a breath test or his refusal to perform a sobriety test on videotape.  
See Emigh v. State
, 916 S.W.2d 71, 73 (Tex. App.—Houston [1st Dist.] 1996, no pet.); 
Jordan v. State
, 897 S.W.2d 909, 912-13 (Tex. App.—Fort Worth 1995, no pet.).  Here, the State reminded the jury of the video they had seen during trial showing Appellant’s arrival at the intoxilyzer room and his refusal to give a breath sample or to perform any sobriety tests, and the State reiterated that Appellant told the officers they should have had his field sobriety tests on camera.  As such, the State was summarizing the evidence before the jury and therefore did not engage in improper jury argument.  
See
 
Emigh
, 916 S.W.2d at 73; 
Jordan
, 897 S.W.2d at 912-13.  We also conclude that the State’s remarks were not improper comments on Appellant’s post-arrest silence.  
See id.; Jones v. State
, 795 S.W.2d 171, 174 n.3 (Tex. Crim. App. 1990); 
McCambridge v. State
, 712 S.W.2d 499, 505-06 (Tex. Crim. App. 1986).  We overrule point five.

In his sixth and seventh points, Appellant asserts that the trial court erred in overruling two objections during the following portion of the State’s jury argument:  

[STATE]:  . . . .  Do you see disability?  At one point, he tells them about a bunion on his leg.  You think that maybe if he had a fake leg, bad back, MS, anything, he might mention that because he’s going to bring up a bunion?  But he doesn’t tell you there’s anything wrong with him.  Is he normal?  Yes, he’s normal.  He’s as normal as the rest of us.  There’s nothing about him --

[DEFENSE COUNSEL]:  I object.  I object.  That’s a comment on the defendant’s silence at trial.

THE COURT:  Overruled.

[STATE]: There is nothing about him that make’s [sic] him unable to do these tests.

[DEFENSE COUNSEL]:  I object.  Comment on -- It’s outside of the record and it’s also a comment about his silence.

THE COURT:  Overruled.  Y’all remember what the evidence was.

We agree with the State that the trial court did not err when it overruled both of these objections.  In response to trial counsel’s argument that he did not know what was normal for Appellant, the State argued that, despite Appellant’s alleged bunion, he was normal and should have been able to perform the sobriety tests.  We conclude that the State’s argument properly commented upon Appellant’s refusal on the videotape to perform further sobriety tests.  
See Emigh
, 916 S.W.2d at 73; 
Jordan
, 897 S.W.2d at 912-13.  Further, even if the argument constituted a remark on Appellant’s silence at trial, we think the argument can reasonably be construed to refer to Appellant’s failure to present evidence of his disability through means other than that of his own testimony and therefore was not improper.  
Fuentes v. State
, 991 S.W.2d 267, 275 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 1026 (1999); 
Wolfe v. State
, 917 S.W.2d 270, 279 (Tex. Crim. App. 1996); 
Madden v. State
, 799 S.W.2d 683, 700 (Tex. Crim. App. 1990), 
cert. denied
, 499 U.S. 954 (1991).  We overrule points six and seven.

In his eighth point, Appellant directs us to another statement from the State’s jury argument:  “A bunion on your foot doesn’t make you incapable to do a walk and turn.”  Appellant argues that the trial court erred in overruling his objection to this statement, contending that the State was presenting further testimony and arguing outside the record.  The jury viewed the tape of Appellant performing the field sobriety tests and heard him tell the officers on two occasions that he had a bunion on his left foot.  We agree with the State that the prosecutor’s statement constituted a fair, legitimate, and reasonable inference drawn from the facts in evidence and that the trial court did not err in overruling Appellant’s objection to the statement.  
See Barnes v. State
, 70 S.W.3d 294, 308 (Tex. App.—Fort Worth 2002, pet. ref’d).  Accordingly, we overrule point eight.

In his ninth point, Appellant maintains that the State improperly commented on his failure to testify when it argued, “Because he doesn’t want y’all to know whether or not he’s got this in him, plus the four beers, whether he’s got just the four -- he doesn’t want you to know -- [.]“  He argues that the trial court erred in overruling his objection.  We disagree.  Immediately before the statement to which Appellant objected, the State reviewed Appellant’s refusal to repeat the field sobriety tests in the intoxilyzer room and his refusal to submit a breath sample.  We conclude that the State then drew a reasonable inference from Appellant’s actions, i.e., that he refused to submit the breath sample because he did not want to reveal that he had consumed more alcohol than the four beers he admitted drinking.  
See Gaddis v. State
, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988) (holding that the State’s argument that a defendant refused to take a breath test “[b]ecause if he blows in the machine, the game is over” was a reasonable and legitimate inference and constituted proper argument).  We overrule point nine.

Appellant argues in his tenth and eleventh points
(footnote: 3) that the State engaged in improper jury argument when the prosecutor stated, “Yes, Defense Counsel doesn’t have a burden, but once he chooses to, he doesn’t get to create reasonable doubt by coming up with unreasonable ideas -- [.]“  Appellant contends that the trial court erred in overruling his objection to this remark because the State’s argument was an impermissible strike at him over the shoulder of his trial counsel.  
See McMurrough v.State
, 995 S.W.2d 944, 947 (Tex. App.—Fort Worth 1999, no pet.) (stating that “[s]triking at the defendant over the shoulders of his counsel is impermissible”).  We conclude that the trial court did not err in overruling Appellant’s objection to this remark because the argument was not improper.  
See Coble v. State
, 871 S.W.2d 192, 205 (Tex. Crim. App. 1993) (holding that the trial court did not err in allowing argument that defense counsel was arguing “something ridiculous”), 
cert. denied, 
513 U.S. 829 (1994); 
Tilbury v. State,
 890 S.W.2d 219, 224 (Tex. App.—Fort Worth 1994, no pet.) (holding that the trial court did not err in allowing argument that defense counsel tried to “manufactur[e] reasonable doubt” where there is none because the argument did not accuse defense counsel of “manufacturing evidence”).  We therefore overrule Appellant’s tenth and eleventh points.

DEPRIVATION OF COUNSEL AND INEFFECTIVE ASSISTANCE OF COUNSEL

In his twelfth point, Appellant complains of two matters related to his representation after sentencing.  Appellant first asserts that the trial court erred in failing to appoint counsel to represent him in a timely manner to assist at a critical stage of the prosecution with the preparation and filing of a timely and proper motion for new trial.

We agree with the State that this case is controlled by 
Kane v. State
, 80 S.W.3d 693 (Tex. App.—Fort Worth 2002, pet. ref’d).  As we stated In 
Kane
, “Following sentencing, when trial counsel does not withdraw and is not replaced by new counsel, a presumption exists that trial counsel continued to effectively represent the defendant during the time for filing a motion for new trial.”  
Id
. at 695 (citing 
Smith v. State
, 17 S.W.3d 660, 662 (Tex. Crim. App. 2000); 
Oldham v. State
, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 525 U.S. 1181 (1999)).  Here, the trial court sentenced Appellant on October 29, 2002.  While Appellant’s retained counsel did not file a motion for new trial, notice of appeal, or motion to withdraw,
(footnote: 4) Appellant, acting pro se, timely filed a notice of appeal on October 29, a motion for new trial and notice of appeal on October 30, and a notice of appeal on November 7.

Similar to 
Kane
, Appellant’s pro se filings “demonstrate that his retained trial counsel informed him of at least some of his appellate rights and support the proposition that [his] trial counsel continued to effectively represent him post-sentence.”  
Id
. (citing 
Smith
, 17 S.W.3d at 662-63; 
Oldham
, 977 S.W.2d at 363).  We cannot conclude that Appellant rebutted the presumption that trial counsel continued to represent him effectively during the time for filing a motion for new trial, and we hold that Appellant was not deprived of counsel during that time.  
See Smith
, 17 S.W.3d at 662-63; 
Oldham
, 977 S.W.2d at 363; 
Kane
, 80 S.W.3d at 695.

Appellant next argues that his trial counsel rendered ineffective assistance of counsel by failing to file a motion for new trial or seeking “to withdraw or have court-appointed counsel substituted for him during a critical stage of the prosecution”—the time for filing a motion for new trial.  
See
 
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984) (establishing a two-pronged test for ineffective assistance claims); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  We rejected this exact argument in 
Kane
.  80 S.W.3d at 695-96.  As in 
Kane
, the record before us does not show that Appellant has rebutted the presumption that the representation Appellant received during the time for filing a motion for new trial was adequate, i.e. the presumption that he received advice about the merits of trial counsel filing a motion for new trial but rejected the option.  
Id
. at 696 (citing 
Smith
, 17 S.W.3d at 662-63; 
Oldham
, 977 S.W.2d at 363); 
see also
 
Thompson
, 9 S.W.3d at 814 (stating that claims of ineffective assistance must be firmly rooted in the record).  Because Appellant has not shown that his trial counsel’s performance was deficient, as he must under the first 
Strickland
 prong, we hold that he has not met his burden of establishing that trial counsel rendered ineffective assistance.
(footnote: 5)  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Kane
, 80 S.W.3d at 696.  Accordingly, we overrule point twelve.

CONCLUSION

Having overruled all of Appellant’s points, we affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  January 22, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
In his brief, Appellant lists twelve points; however, he does not label one as his third point.  We will refer to his eleven points as he has designated them.

3:
Appellant’s tenth and eleventh points state the same complaint with respect to the same portion of the State’s jury argument.

4:
On December 13, 2002, we received a letter from Appellant’s trial counsel informing us that he had not been retained or appointed to represent Appellant in this appeal.  Nothing in the record, however, suggests that the trial court was made aware that it might be necessary to review the appointment of counsel until we abated Appellant’s appeal and remanded the case in March 2003.

5:
The court of criminal appeals has stated that “the record on direct appeal will generally ‘not be sufficient to show that counsel’s representation was so deficient as to meet the first part of the 
Strickland
 standard’ as ‘[t]he reasonableness of counsel’s choices often involves facts that do not appear in the appellate record.’”  
Rylander v. State
, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (citation omitted).  Thus, the court has indicated that “an application for a writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims.”  
Id
.