

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00315-CR

Jonathan **WALKER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR10301
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: July 2, 2025

AFFIRMED AS MODIFIED

Appellant Jonathan Walker pled no contest to two counts of aggravated sexual assault of a child, four counts of sexual assault of a child, and three counts of indecency with a child by contact. The trial court sentenced Walker to fifteen years imprisonment and imposed court costs of $530.00 in each of the nine judgments. On appeal, Walker argues (1) the trial court erred in assessing court costs multiple times because each conviction arose from a single criminal action and (2) his trial counsel was constitutionally ineffective because he failed to file a motion for new trial to develop

a record pertinent to the trial court's denial of Walker's day-of-trial motion for continuance. We affirm the trial court's judgments as modified.

## BACKGROUND

On November 10, 2021, a grand jury indicted Walker on the abovementioned nine counts. In February 2022, Walker's trial counsel filed several pretrial motions, including a request to produce a list of witnesses the State intended to call to testify at trial. In May 2022, Walker's trial counsel again filed several pretrial motions, including another request for the State to produce a list of witnesses. In September 2022, Walker filed his first motion for continuance in which his trial counsel represented he needed more time to obtain records and investigate matters relevant to Walker's defense. The trial court granted the motion. The following month, in October 2022, the State served Walker with a witness list. In January 2023, Walker's trial counsel filed a second unopposed motion for continuance representing that he was still obtaining records and needed adequate time to notify multiple out-of-state witnesses of the trial setting. The trial court granted Walker's second motion for continuance. Walker's next trial date was scheduled for October 16, 2023.

On October 16, 2023, the State served Walker with an amended witness list during voir dire, adding two additional witnesses to its list—Regina Denning and Cierra Merriam. At 8:34 p.m. the same day, State's counsel sent Walker's trial counsel an email summarizing a phone conversation State's counsel had with Denning approximately an hour earlier. In the email, the State details a previous conversation in which Denning was present when another witness, Samantha Little, called Walker on speaker phone, and Walker allegedly made certain statements about the events surrounding the basis of the indictment.

The next day, October 17, 2023, Walker's trial counsel filed a third motion for continuance. Walker's third motion sought a continuance on two grounds. First, Walker's trial counsel argued that, while the defense had been previously aware of Merriam, "[i]t was our understanding that she would not be called as a witness, and that didn't change until yesterday." In sum, Walker's trial counsel asserted he needed additional time to prepare for Merriam's testimony. Second, Walker's trial counsel contended that because he had just received the email proffering Denning's testimony the night before and had just received her contact information that morning, he had not had an opportunity to interview her or investigate the alleged phone call detailed in the State's email. Due to the new information surrounding these two witnesses, Walker's trial counsel asserted that he had been unable to prepare a proper defense strategy or engage in meaningful plea negotiations with Walker.

The State opposed the continuance and argued that Walker's trial counsel had previously been aware of a phone call between Little and Walker, as it had been disclosed in discovery. The State reiterated that it, too, had just learned a day prior that Denning was present for the speakerphone call and had disclosed this fact to Walker's trial counsel in a timely manner. Walker's trial counsel then stated that he had spoken to Little the week before but "heard nothing about Ms. Denning, so it comes as a complete surprise that Ms. Denning — that her testimony exists or that she was there at all." The trial court then ruled as follows:

| | |
|---|---|
| Trial Court: | Well, the — the tentative schedule was to have the voir dire, the State's voir dire this morning, take a short lunch break and the Defense voir dire and then to recess hopefully around 2:00, and at that time to give the Defense the opportunity to talk to this additional witness, Denning, and I guess then consult further with Mr. Walker. And you certainly could elect to change your plea. I mean, just the fact that we did the voir dire doesn't mean you can't change your plea or anything. |

State: The State does not intend to change the offer if we have to go through the jury selection, if that's the question.

Trial Court: So — and I guess, you know, after conferring with the witness Denning, I guess if you can re-urge — if something else comes up which would cause you to re-urge the motion, we could consider that, but it doesn't sound like she's adding that much more to it. And I — if you had the information earlier, I don't know what you would have done, but I think you and your client have adequate time to digest whatever she has to say and see if in any way it alters her [*sic*] strategy. But I'm envisioning you pretty much knew what she was going to say and you already thought about how to respond to that defensively, if at all. So, we'll deny the motion for a continuance, other than granting the relief that the Court has just stated for the Defense to have an opportunity to visit with, depose, whatever you want, with the witness Denning and have liberty to re-urge the motion later on.

Trial Counsel: Okay. Thank you, Judge.

The trial court then presided over the State's voir dire in the morning and Walker's in the afternoon before recessing for the day.[1] The following morning, Walker pled no contest to the nine counts in the indictment in exchange for a recommended sentencing cap of fifteen years imprisonment pursuant to a plea bargain agreement with the State. The trial court sentenced Walker to fifteen years imprisonment and assessed court costs of $530.00 in each of the nine judgments correlating to the nine counts and issued three separate bills of costs, totaling $1,590.00.

## ISSUE ONE: COURT COSTS

*Applicable Law and Analysis*

Article 102.073 of the Texas Code of Criminal Procedure states, "In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. art. 102.073(a). The article further states that "each court cost or fee the amount of

---

[1] This was the second voir dire. Voir dire on the previous day ended in a mistrial.

which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." *Id*. art. 102.073(b). The trial court assessed court costs of $530.00 for each offense, and the State concedes this was error. *Zarate v. State*, 551 S.W.3d 261, 275 (Tex. App.—San Antonio 2018, pet. ref'd). Accordingly, we modify the judgments to reflect a singular bill of costs of $530.00 in connection with Walker's highest category offense of conviction and affirm this portion of the judgments as modified.

### ISSUE TWO: INEFFECTIVE ASSISTANCE OF COUNSEL

*Applicable Law and Standard of Review*

To prevail on an ineffective assistance of counsel claim, Walker must satisfy the two-element test set out in *Strickland v. Washington*. *See* 466 U.S. 668, 687 (1984). First, Walker must show his trial counsel's performance was deficient. *Id.* This element "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Counsel's representation is constitutionally deficient if the assistance falls below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Conversely, counsel's representation does not fall below the objective standard of reasonableness simply because another would have selected a different trial strategy. *Lopez v. State,* 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). Whether counsel's performance falls within the bounds of the objective standard of reasonableness is judged by "the prevailing professional norms." *Id.* at 142.

If Walker can show his trial counsel's representation was deficient, he must then satisfy the second *Strickland* element. That is, Aggravated Sexual Assault | 22.021. *Strickland*, 466 U.S. at 687. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. "In other words, [Walker] must show a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thompson*, 9 S.W.3d at 812.

Both *Strickland* elements "must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim." *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). As an appellate court, we strongly presume "that counsel's conduct falls within the wide range of reasonable professional assistance." *Robertson v. State*, 187 S.W.3d 475, 482 (Tex. Crim. App. 2006); *Johnson v. State*, 624 S.W.3d 579, 586 (Tex. Crim. App. 2021) ("A silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance."). Under this presumption, an ineffective assistance of counsel claim is a high hill to traverse via direct appeal "because the record is generally undeveloped." *Goodspeed*, 187 S.W.3d at 392. "This is true with regard to the question of deficient performance—in which counsel's conduct is reviewed with great deference, without the distorting effects of hindsight— where counsel's reasons for failing to do something do not appear in the record." *Id.*

This is not to say an appellant may never develop a sufficient record to claim ineffective assistance of counsel via direct appeal. The alleging party may develop a sufficient record through a motion for a new trial or other post-judgment motion that provides counsel with an opportunity to, for example, provide reasoning and guidance on trial strategy—which may or may not justify counsel's action or inaction. *Macias v. State*, 539 S.W.3d 410, 417 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). "Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392 (internal quotation marks omitted); *see also Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("An ineffective-assistance claim can function as

a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve.").

*Analysis*

In his second issue, Walker argues his trial counsel was ineffective because he failed to file a motion for new trial "to document below how the instant record would have been any different had [Walker] been granted a [third] pretrial continuance[.]" Walker concludes that due to his trial counsel's ineffectiveness, he is unable to show the trial court's partial denial of his third motion for continuance caused him harm. The State disputes Walker's characterization of his trial counsel as ineffective and highlights that Walker's brief fails to cite issue-specific authority in support of his position.

In his brief, Walker cites *Gonzales v. State* in support of his claim of ineffective assistance of counsel. *See* 304 S.W.3d 838, 841–44 (Tex. Crim. App. 2010). However, *Gonzales* does not stand for the proposition that a trial counsel is ineffective if he fails to file a motion for new trial to develop the record further after a trial court partially denies a defendant's motion for continuance. *See id.* Rather, *Gonzales* establishes what a defendant is required to show to prevail on a motion for new trial when a trial court denies a defendant's motion for continuance. *See id.* at 843 ("[I]n order to show reversible error predicated on the denial of a pretrial motion for continuance, a defendant must demonstrate both that the trial court erred in denying the motion and that the lack of a continuance harmed him. In a motion for new trial, he should allege facts tending to establish both prongs—error and harm."). Because the denial of a motion for new trial is not an issue before this court, *Gonzales* is unpersuasive.

During the hearing on Walker's third motion for continuance, trial counsel made a detailed record of why the continuance was necessary, prompting the trial court to grant a short continuance after voir dire, allowing trial counsel to speak with Denning and Merriam and further investigate the newly proffered witnesses, and the liberty to re-urge the motion later. It was only after this continuance that Walker returned the next day and chose to plead no contest pursuant to a plea agreement with the State. Walker does not argue or allege in his brief that trial counsel failed to investigate Denning or Merriam's proffered testimonies during the continuance, nor does he assert that trial counsel failed to share the findings of such an investigation with Walker. *Robertson*, 187 S.W.3d at 482; *Johnson*, 624 S.W.3d at 586. Rather, the crux of Walker's argument is that it was objectively reasonable and a prevailing norm for his trial counsel to file a motion for new trial following the trial court's partial denial of his third motion for continuance and Walker's no contest plea to create a record of trial counsel's presumably post-hearing investigation. However, Walker did not cite supporting authority for his argument, and we must adhere to the presumption that his trial counsel's conduct fell "within the wide range of reasonable professional assistance." *Robertson*, 187 S.W.3d at 482; *Smith v. State*, 17 S.W.3d 660, 663 (Tex. Crim. App. 2000); *Kane v. State*, 80 S.W.3d 693, 696 (Tex. App.—Fort Worth 2002, pet. ref'd) (noting when a motion for new trial is not filed, a presumption exists that the defendant was advised "about the merits of filing a motion for new trial but rejected the option"); *see also Harrington*, 562 U.S. at 105 ("The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."); TEX. R. APP. P. 38.1(i).

Accordingly, on this record, we conclude Walker did not establish that his trial counsel's performance fell below an objective standard of reasonableness because he did not file a motion for new trial. We overrule Walker's second issue.

## CONCLUSION

We modify the trial court's judgments in accordance with this opinion and affirm them as modified. TEX. R. APP. P. 43.2(b).

Lori I. Valenzuela, Justice

DO NOT PUBLISH