**Kennith Lee EMIGH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–94–00042–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 25, 1996.

Francis Madden, Houston, for appellant.

John B. Holmes, District Attorney, Calvin Hartmann, Assistant, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and WILSON and MIRABAL, JJ.

## OPINION

WILSON, Justice.

A jury found appellant, Kennith Lee Emigh, guilty of driving while intoxicated. The trial court assessed punishment at 180–days confinement in the Harris County jail and a fine of $450. The trial court then suspended imposition of the sentence and placed appellant on two-years community supervision.

On appeal, appellant argues the trial court committed error in overruling his objection to argument by the State that he asserts was in violation of both the Texas and United States constitutions. We affirm.

### Summary of facts

Officer Lewis Jones, of the Houston Police Department, testified he and his partner, Officer J.M. Aldaco, saw appellant driving on the freeway about 1:30 a.m. on January 14, 1993. The officer stated appellant was speeding and weaving. The officers stopped appellant, asked for his driver's license and insurance, and asked him to step out of the car. Officer Jones stated appellant's eyes were red and his breath smelled of alcohol. Officer Jones further testified that after appellant's performance of five field sobriety tests, he formed the opinion appellant did not have normal use of his mental and physical faculties and was intoxicated. Appellant was then arrested for DWI.

Officer Melbourne Poff testified appellant refused to submit to a breathalyzer test at the station. Officer Poff also stated he performed a horizontal gaze nystagmus test on appellant and appellant's performance indicated he was intoxicated. Appellant was recorded on videotape while at the station, but did not submit to any sobriety tests on videotape. No videotape was made of the initial stop at the scene.

Appellant testified he did not have anything to drink that evening and was not intoxicated. He stated he had stopped by the roadside to urinate when the officer pulled up behind him. Appellant testified he performed "perfectly" on all the field sobriety tests administered by the officers at the scene of the initial stop. On cross-examination, appellant admitted he refused to submit to a breathalyzer test at the station and refused to submit to videotaped sobriety tests at the station.

### Jury argument

▪ In two points of error, appellant contends the trial court erred in overruling his objection to a portion of the prosecutor's closing argument at the guilt-innocence stage of trial. Appellant asserts the prosecutor's argument was an improper comment on appellant's refusal to give verbal and physical demonstrations, in violation of the fifth amendment of the United States Constitution [1] and article one, section 10 of the Texas Constitution.[2]

During closing argument at the guilt-innocence stage, the following exchange occurred:

[Prosecutor]: What else does he say? ... "I did perfect on those field tests out at the scene. Did absolutely perfect, not one single thing wrong." Well, why is it that he did so perfect on those tests out at the scene? Why weren't they on the video?

---

1. U.S. CONST. amend. V.

2. TEX. CONST. art. I, § 10.

[Counsel for appellant]: Objection, Your Honor. That is a comment by the prosecutor on the failure of the defendant to give evidence against himself. He is allowed by law to refuse to do so.

The Court: All right. The objection is overruled. Thank you.

[Prosecutor]: Why didn't he do it on the video? Because he knew that you would be able to see him on the video, that's why.

■ Comment by the prosecution on a defendant's failure to testify is a violation of the privilege against self-incrimination contained in article one, section 10 of the Texas Constitution, TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979), and the fifth amendment of the United States Constitution. *Montoya v. State*, 744 S.W.2d 15, 34 (Tex. Crim.App.1987), *cert. denied*, 487 U.S. 1227, 108 S.Ct. 2887, 101 L.Ed.2d 921 (1988).

■ The fifth amendment prohibits the State from compelling a person to testify against himself in a criminal case. U.S. Const. amend. V. Article one, section 10 of the Texas Constitution is worded differently, and prohibits the State from compelling a person to *give evidence* against himself. TEX. CONST. art. I, § 10. However, the Court of Criminal Appeals has held that article one, section 10 only protects a defendant from providing evidence that is both *testimonial* and *compelled*. *Thomas v. State*, 723 S.W.2d 696, 703 (Tex.Crim.App.1986). Videotaped depictions of a defendant's physical condition are not testimonial in nature and do not fall within federal or state privileges against self-incrimination. *Miffleton v. State*, 777 S.W.2d 76, 80–81 (Tex.Crim.App.1989); *Poulos v. State*, 799 S.W.2d 769, 771 (Tex.App.—Houston [1st Dist.] 1990, no pet.).

■ There are four areas of permissible prosecutorial jury argument: (1) summation of the evidence presented at trial; (2) reasonable deductions drawn from the evidence; (3) a response to arguments of opposing counsel; or (4) a plea for law enforcement. *Harris v. State*, 827 S.W.2d 949, 963 (Tex.Crim.App.), *cert. denied*, 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992); *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex.Crim.App.1988). Counsel is given wide latitude in drawing inferences from the evidence so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith, but may not use argument to present evidence to the jury that is outside the record. *Gaddis*, 753 S.W.2d at 398 (citing *Jordan v. State*, 646 S.W.2d 946, 948 (Tex.Crim.App.1983)). To constitute reversible error, the jury argument complained of must be extreme or manifestly improper, or inject new and harmful facts into evidence. *Id.*

Evidence of appellant's decision to not perform any sobriety tests on video at the station was presented at trial without objection by appellant's own testimony and that of Officer Poff. The prosecutor's jury argument was not a comment on appellant's failure to testify or an inference based upon a fact outside the record, but was based on appellant's own testimony and on his decision to not perform sobriety tests on videotape at the police station. Therefore, the prosecutor was entitled to refer to appellant's refusal to submit to such tests in summation of the evidence.

Appellant asserts the prosecutor's argument was equivalent to arguing appellant refused to perform the sobriety tests on videotape because he was intoxicated. The prosecutor did not explicitly ask the jury to draw this inference, but it may be implied by the rhetorical question asking why appellant did not perform the tests on videotape. However, given the evidence of appellant's refusal to submit to videotaped sobriety tests, the prosecutor was entitled to draw reasonable, legitimate deductions from that evidence and to ask the jury to do so. *See Gaddis*, 753 S.W.2d at 399 (prosecutor's argument that defendant refused to submit to breath test because he was intoxicated was not improper when the defendant's refusal of the test was in evidence); *see also Jordan v. State*, 897 S.W.2d 909, 912–13 (Tex.App.—Fort Worth 1995, no pet.) (prosecutor's argument was not improper when directed at defendant's refusal to consent to breathalyzer or blood test and not a direct or indirect allusion to defendant's failure to testify).

We conclude under the facts of this case the prosecutor's argument was not improper, given the evidence of appellant's refusal to

**74**

submit to sobriety tests at the station. Therefore, we hold the trial court did not commit error by overruling appellant's objection to the prosecutor's argument. We overrule both of appellant's points of error.

Finding no reversible error, we affirm the judgment of the trial court.