Opinion issued on June 17, 2004.








     




In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00320-CR




HENRY CHAVEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 915873




MEMORANDUM OPINION

          A jury found appellant, Henry Chavez, guilty of aggravated robbery and
assessed punishment at 50 years’ confinement. In three issues, appellant contends
that (1) the State’s reference to appellant’s failure to testify was reversible error,
(2) his trial counsel’s failure to object to the State’s reference to appellant’s failure
to testify constituted ineffective assistance, and (3) the trial court erred in denying
appellant’s motion for mistrial. We affirm.
Background
          After Ronald D. Bell, the complainant, attempted to withdraw money from a 
drive-through automatic teller machine (ATM), a truck pulled in front of Bell’s car
and blocked it. A man with a shotgun got out of the passenger side of the truck and
said, “Give me your money.” Bell told him that he did not have any money because
the ATM did not work. The driver of the truck told the man with the shotgun to get
Bell’s wallet. Bell was told to get out of his car and leave his wallet inside the car. 
The driver of the truck drove away, and the man with the shotgun drove away in
Bell’s car. After contacting the police, an officer drove Bell to a nearby gas station
where the driver of the truck has been detained. Bell recognized the truck and
identified appellant as the driver of the truck that had blocked his car at the ATM. 
Bell’s wallet was found on the front passenger seat of the truck. 
Jury Argument
          In his second issue, appellant contends that the State’s reference to appellant’s
failure to testify was reversible error.
During final argument, as the State referred to Bell’s wallet that was found in
appellant’s truck at the time of his arrest, the State commented, “Now. Was it there? 
Because if it was, what’s the explanation? You didn’t hear any.” Appellant argues
that the State’s remarks amounted to an improper comment on appellant’s right to
testify because the remarks called for an explanation that only appellant could
provide. We disagree.
The State violates a defendant’s Fifth Amendment right against compelled self-incrimination by referring to a defendant’s invocation of his right not to testify.
Canales v. State, 98 S.W.3d 690, 695 (Tex. Crim. App. 2003); Emigh v. State, 916
S.W.2d 71, 73 (Tex. App.—Houston [1st Dist.] 1996, no writ). To be improper, a
comment must clearly refer to the defendant’s failure to testify. Canales, 98 S.W.3d
at 695. The nature of the comment must be either “manifestly intended” or of such
a character that it would “necessarily and naturally” direct the jury’s attention to the
defendant’s silence. Id. A comment that, at best, is indirect or allusive does not
violate the defendant’s Fifth Amendment rights. Id. For an indirect comment to
constitute reversible error, it must call for a denial of an assertion of fact or
contradictory evidence that only the defendant is in a position to offer. Short v.
State, 671 S.W.2d 888, 890 (Tex. Crim. App. 1984). Argument is not improper
where it can reasonably be construed to refer to a defendant’s failure to produce
testimony other than his own. Schneider v. State, 645 S.W.2d 463, 467 (Tex. Crim.
App. 1983).
In this case, someone other than appellant could have provided an explanation
regarding the presence of the wallet. The evidence established that two persons were
involved in the robbery: appellant and appellant’s passenger who, at the time of the
robbery, ordered Bell to get out of the car and leave his wallet inside the car. The
passenger then drove away from the scene of the robbery in Bell’s car, containing
Bell’s wallet. Bell’s wallet was later recovered from the front seat of appellant’s
truck. Therefore, someone other than appellant could have placed the wallet in the
truck and could have explained its presence. 
Accordingly, the evidence does not support appellant’s conclusion that only he
could have testified as to how the wallet arrived in his truck. We conclude that the
State’s comment did not necessarily or naturally refer to an explanation that only
appellant could provide and was not an improper comment on appellant’s failure to
testify. See Canales, 98 S.W.3d at 695. 
          We overrule appellant’s second issue.
Ineffective Assistance
          In his first issue, appellant contends that his trial counsel’s failure to object to
the previously discussed statement made by the State constituted ineffective
assistance of counsel.  
          In reviewing an ineffective assistance of counsel claim, we evaluate the
effectiveness of counsel under the two-pronged test enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Hernandez v. State, 988 S.W.2d
770, 770 (Tex. Crim. App. 1999). First, the defendant must show that his counsel’s
representation fell below an objective standard of reasonableness. Strickland, 466
U.S. at 688, 104 S. Ct. at 2064. Second, the defendant must show prejudice. Id. The
failure to satisfy one prong of the Strickland test negates a court’s need to consider
the other. Id. at 697, 104 S. Ct. at 2069. Because we have held that appellant’s trial
counsel did not err for failing to object, appellant cannot satisfy the first Strickland
prong. We overrule his first issue.
Motion for Mistrial 
          In his third issue, appellant contends that the trial court erred in denying his
motion for mistrial when, during the punishment phase of trial, an officer implied that
appellant was involved in 12 serial robbery cases, and the State failed to prove his
invovlement. We disagree.
          We review a trial court’s denial of a motion for mistrial under an abuse of
discretion standard. See Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). 
Mistrials are an extreme remedy for curing prejudice occurring during trial. Bauder
v. State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996). Asking an improper question
will seldom require a mistrial, because, in most cases, any harm can be cured by an
instruction to disregard. Ladd, 3 S.W.3d at 567. A mistrial is required only when the
improper question is clearly prejudicial to the defendant and is of such character as
to suggest the impossibility of withdrawing the impression produced on the minds of
the jurors. Id.
          Under the facts of this case, the trial court did not err in denying appellant’s
motion for mistrial. During the punishment phase, Houston Police Department
Officer Art Mejia, a robbery investigator, testified about how he develops a suspect. 
He testified that serial robberies were classified by the mode of operation and the area
in which they occurred and that he classified Bell’s robbery as a serial robbery. The
State asked Officer Mejia “How do you develop a suspect?” Mejia responded as
follows:
We have crime analysis. I mean, in this particular incident, I had
approximately [12] aggravated robberies that we call serial robberies. 
And we define that as serial robberies where there’s certain MO’s, mode
of operations, the demographics where the robberies are really
concentrated, north side, south side. Serial robberies fit the definition
of three to four males or females, or whatever the case may be, using the
same type car in all these robberies, the same MO, the same pistol. So
in this investigation, we classified it as a serial robbery case. It was
ongoing . . . .
 
          Appellant’s trial counsel then said, “I object at this point,”and the trial court
sustained his objection. Officer Mejia then testified that appellant was arrested in the
case involving Bell, and the State responded by asking Mejia, “At that point you have
the hunch, I suppose, or that he could be . . . .” Appellant’s counsel asked to approach
the bench and requested that the State lay the foundation for each robbery rather than
group the serial robberies together. The trial court instructed the jury to “disregard
any comment about 12 robberies and the serial robbery.” Mejia subsequently stated
that appellant was arrested for aggravated robbery of Bell and that he had some
suspicion that appellant may or may not be involved in another robbery. Mejia
alluded to the fact that appellant was suspected in another robbery based on the
location of the robbery—presumably the other robbery occurred near where Bell was
robbed. The trial court sustained appellant’s counsel’s general objection and
conducted a hearing outside the jury’s presence and instructed the State and Officer
Mejia not to refer to other investigations or occurrences in the neighborhood. 
Appellant’s counsel requested a mistrial arguing that, “I certainly appreciate the
admonishment to the jury, but it’s kind of like letting the cat out of the bag.” The trial
court overruled appellant’s request for a mistrial and instructed the jury as follows,
“At this time, I’m going to instruct the jury, once again, to disregard any comments
made by the witness about several other robberies or any other robberies in the area.” 
Officer Mejia subsequently testified, without objection, that another robbery victim
identified appellant from a photospread in connection with another robbery. 
          The trial court properly instructed the jury to disregard the improper reference
at issue. An instruction to disregard will cure all but the most blatant comments. 
Moore v. State, 999 S.W.2d 385, 405–06 (Tex. Crim. App. 1999). We generally
presume the jury follows the trial court’s instructions in the manner presented. 
Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998). The presumption is
rebuttable, but appellant has pointed to no evidence in rebuttal. See id. Appellant did
not file a motion for new trial alleging that the jury failed to follow the trial court’s
instructions to disregard. Thus, the trial court’s instructions must be presumed
effective to cure any error from the remarks of the witness. See id. Further, the trial
court could have reasonably concluded that the question was not so inflammatory as
to be incurable by an instruction to disregard. 
          We overrule appellant’s third issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).