COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



ARMANDO ACOSTA,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00140-CR



Appeal from the


County Court at Law No. One


of El Paso County, Texas


(TC#20050C16505)



O P I N I O N


 This is an appeal from a jury conviction for the offense of driving while intoxicated,
subsequent offense. The judge assessed punishment at two years' community supervision and a fine
of $1,000. (1) We reform and affirm.

I. SUMMARY OF THE EVIDENCE


 On October 11, 2005 at 3:30 a.m., El Paso Police Officer Alberto Borjas was dispatched to
investigate an accident reported to have occurred on the exit ramp at I-10 east and Mesa Road in El
Paso. (2) Upon arrival, he found an abandoned vehicle and some traffic signs that had been knocked
down by the vehicle. Officer Borjas did not observe any skid marks behind the car. He saw
Appellant standing by the laundry room of a nearby Days Inn Motel. It appeared that he was making
a phone call. When Officer Borjas approached Appellant, he admitted that he had been driving the
vehicle involved in the accident. Officer Borjas observed that Appellant was swaying, he had
alcohol on his breath, and his eyes were bloodshot. Officer Borjas requested a STEP unit--a type of
unit that deals with DWI cases.

 Officer Jason Leary, a member of a DWI task force STEP unit, arrived within two minutes
of Officer Borjas's call. He spoke with Appellant, who was in the back of a patrol car. Officer Leary
smelled a strong odor of an alcoholic beverage in the interior of the patrol car. Appellant had glassy,
watery, red eyes. Appellant stated to Officer Leary that he was driving eastbound on I-10 and that
another car had come into the left lane and cut him off, forcing him to avoid the collision by veering
off the right side of the road. Appellant was alone at the time of the accident.

 Officer Leary repeatedly requested that Appellant perform certain standard field-sobriety tests
as part of his investigation. Appellant refused every request. Officer Leary placed Appellant under
arrest for driving while intoxicated. At the police station, Appellant refused to take a breath test
when requested to do so by Officer Leary and the intoxilyzer operator, and Appellant also refused
to sign a form acknowledging that he had refused to take the intoxilyzer test. Officer Leary testified
that he thought Appellant was impaired with regard to his mental and physical faculties, due to the
ingestion of alcohol.

 At about 4:10 a.m., Officer Raul Lom, a certified intoxilyzer operator, saw Appellant in one
of the holding cells at the Westside Regional Command Police Substation. Other individuals were
in nearby cells. He observed signs of intoxication, in that Appellant smelled of alcohol and his eyes
were bloodshot. Officer Lom offered Appellant the intoxilyzer test, which he again refused.

 At trial, the following exchange occurred:

 STATE: Refused the breath sample when Officer Leary asked him, and he
refused it again when Officer Lom asked him. But not only did he
refuse that, he even refused to sign the form, acknowledging that he
was refusing to sign. Defendant has refused to provide any evidence
at all here, which is why--


 DEFENSE: I'm going to object, commenting on the defendant's failure to testify,
Your Honor.


 COURT: All right. I'm going to sustain the objection.


 DEFENSE: We ask for motion to strike, Your Honor, from the record.


 COURT: That will also be sustained.


 DEFENSE: And also ask for a motion to instruct the jury to disregard that
statement.


 COURT: Ladies and gentlemen of the jury, I'm going to go ahead and instruct
you at this time, as per the written instructions that you already have,
okay, that a defendant in a criminal trial is not required to present any
kind of evidence. And the burden of proof is on the State of Texas;
it never shifts. And so the Court, at this time, will instruct you to
disregard the last comment by Mr. Arambula, in so far as the context,
perhaps, of shifting that requirement to the defendant, as far as what--testifying, if you will, for all practical purposes, that perhaps--providing some kind of testimony of sorts. Again, that is not a
requirement, and so you are instructed to disregard that.


 DEFENSE: We move for a mistrial, Your Honor.


 COURT: Overruled.


 STATE: Ladies and gentlemen of the jury, what I'm saying here is, the
defendant does have a right not to provide evidence; I misspoke. The 
question is, his refusal to provide a breath sample, perform any field
sobriety tests, and you saw that on the video.


II. DISCUSSION


 In Appellant's sole issue on appeal, he asserts that the court erred when, after sustaining his
objection to the State's attorney's statement that Appellant had refused to provide any evidence, the
court overruled his motion for a mistrial. A court reviewing a trial court's ruling on a motion for
mistrial utilizes an abuse-of-discretion standard of review. Wead v. State, 129 S.W.3d 126, 129
(Tex. Crim. App. 2004). The ruling must be upheld if that ruling falls within the zone of reasonable
disagreement. Id. Furthermore, the appellate court must review the trial court's ruling in light of
the arguments that were before the trial court at the time it ruled. Id. 

 A comment on the defendant's failure to testify violates the privilege against
self-incrimination in the Fifth Amendment to the United States Constitution; Article I, Section 10
of the Texas Constitution; and article 38.08 of the Texas Code of Criminal Procedure. See U.S.
Const. amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 38.08; Saldivar v.
State, 980 S.W.2d 475, 501 (Tex. App.--Houston [14th Dist.] 1998, pet. ref'd). To determine
whether a prosecutor's argument constitutes an improper comment on the failure of a defendant to
testify, we review the language from the standpoint of the jury. See Goff v. State, 931 S.W.2d 537,
548 (Tex. Crim. App. 1996). If the comment, in light of the entire record, could be interpreted as
referring to an accused's failure to present available evidence from sources other than the accused
himself, reversible error is not presented. Rodriguez v. State, 787 S.W.2d 504, 506 (Tex. App.--El
Paso 1990, no pet.). The possible existence and availability of such other sources must be
affirmatively reflected in the evidence placed before the jury. The State is not permitted to conjure
up the existence of some non-existent witnesses and then castigate the defense for having failed to
summon them to testify. Id.

 We consider whether the offending language is either manifestly intended, or of such a
character that the jury would necessarily take it, as a comment on the accused's failure to testify. See
Montoya v. State, 744 S.W.2d 15, 35 (Tex. Crim. App. 1987), overruled on other grounds, Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). It is not enough, however, that the language
could be construed as an indirect or implied allusion to a defendant's failure to testify; rather, the
failure to testify must be a necessary implication of the statement. See Swallow v. State, 829 S.W.2d
223, 225 (Tex. Crim. App. 1992).

 The State argues that in the context in which the argument was made, the prosecutor was not
referring to Appellant's failure to testify; rather, he was referring to Appellant's failure to provide
a breath sample and his failure to participate in the field-sobriety tests, all of which was before the
jury. The State points to the prosecutor's statements before and after the complained-of comment
where he mentioned Appellant's refusal to take the breath test and to sign the form stating he had
refused to take the breath test, as indications that the prosecutor's sole reference was to those matters. 
It is permissible for a prosecutor to comment on an accused's failure to take field-sobriety tests and
on the failure to take a breath test. See Emigh v. State, 916 S.W.2d 71, 72-73 (Tex. App.--Houston
[1st Dist.] 1996, no pet.); Jordan v. State, 897 S.W.2d 909, 912-13 (Tex. App.--Fort Worth 1995,
no pet.). However, we note that the prosecutor stated that Appellant had "refused to provide any
evidence at all here" [emphasis added]. He then stated that he had misspoke. The jury could well
have interpreted this to go beyond the boundaries of his failure to consent to the various tests.

 The State also maintains that the prosecutor was referring to evidence that could have been
provided by individuals other than Appellant. The State argues that the evidence indicates that: (1)
Appellant could have called the person he was purportedly talking to on the phone when Officer
Borjas encountered him at the motel to testify that he did not sound intoxicated; (2) Appellant could
have attempted to secure the attendance of the person who supposedly ran him off the road (3) to show
that the accident was legitimate and not the result of his intoxication; and (3) Appellant could have
located the persons who were in the holding cells at the Westside Police Station and called those
individuals to testify that he was not intoxicated. The State contends that the jury could have
reasonably taken the prosecutor's complained-of argument as referring to Appellant's failure to
produce this evidence, and not as a comment on his failure to testify. We are not persuaded by this
argument, because the availability of these purported witnesses and the tenor of their testimony is
not established beyond mere speculation.

 However, the error alleged by Appellant is that the court erred in failing to grant his motion
for a mistrial. As noted above, the reviewing court will uphold the trial court's ruling on a motion
for mistrial, if it is within the zone of reasonable disagreement. Wead, 129 S.W.3d at 129. Even if
we assume that error occurred in this case, only in extreme circumstances, where the prejudice is
incurable, will a mistrial be required. Archie v. State, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). 
A harm analysis in not indicated in this instance, because, even if we find error, the only issue is
whether the trial court abused its discretion by overruling the motion for mistrial. Id. at 699-700. 
Notwithstanding that, whether a mistrial should have been granted involves most, if not all, of the
same considerations that attend a harm analysis. Id. at 700. In determining whether a mistrial should
have been granted, three factors must be balanced:

 1. The severity of the misconduct (the magnitude of the prejudicial effect of the
prosecutor's remarks); 


 2. The measures adopted to cure the misconduct (the efficacy of any cautionary
instructions by the judge); and 


 3. The certainty of the conviction absent the misconduct (the strength of the evidence 
supporting the conviction). 

 

Id.

 With regard to the first factor, we note that the comment was of short duration and was not
repeated. The prosecutor did attempt to mitigate any prejudicial effect by explaining that his
reference was to Appellant's refusals regarding the various intoxication tests, areas of permissible
comment.

 Regarding the second factor, an instruction by the trial court to disregard will generally cure
a comment on the failure of the accused to testify, in all but the most blatant examples. See Moore
v. State, 999 S.W.2d 385, 405 (Tex. Crim. App. 1999). Appellant maintains that the instruction to
disregard was ineffective, because the court referenced shifting of the State's burden of proof, rather
than his Fifth Amendment right to remain silent. However, the court clearly stated that an accused
is not required to present any kind of evidence, and the court twice instructed the jury to disregard
the offending remark. We find that the instruction to disregard the comment was effective in curing
any harm that may have occurred.

 Finally, while the case was devoid of any technical testing regarding Appellant's state of
intoxication, there was the opinion testimony of Officer Leary, and his description of Appellant's
eyes and breath. Furthermore, the jury was allowed to take into account Appellant's refusals to take
the various tests in determining his culpability for the offense. See Griffith v. State, 55 S.W.3d 598,
601 (Tex. Crim. App. 2001); Dawkins v. State, 822 S.W.2d 668, 671 (Tex. App.--Waco 1991, pet.
ref'd). We find that the court did not abuse its discretion in overruling Appellant's motion for
mistrial. His sole issue is therefore overruled.

III. CONCLUSION


 We reform and affirm the judgment of the trial court.


 KENNETH R. CARR, Justice


November 15, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. We note that the judgment indicates that the jury assessed punishment. However, the record reveals that the
court assessed punishment. This Court has the authority to reform an incorrect judgment when it has the information
and evidence necessary to do so. Tex. R. App. P. 43.2(b); Norman v. State, 642 S.W.2d 251, 253 (Tex. App.--Houston
[14th Dist.] 1982, no pet.). Because we have the necessary information, we reform the trial court's judgment to reflect
that the court assessed punishment.
2. Officer Borjas indicated in his testimony a date of August 11, 2005. However, the testimony of another
officer, and the police paperwork in evidence, comport with a date of October 11, 2005, as alleged in the information. 

3. We are left to speculate as to how Appellant could have been expected to learn the driver's identity.