NUMBER 13-09-00024-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

MANUEL SOTELO, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 28th District Court 

of Nueces County, Texas.

 

MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Chief Justice Valdez


 A jury found appellant, Manuel Sotelo, guilty of the offense of driving while
intoxicated ("DWI"), a third-degree felony in this case because of prior convictions for the
same offense. See Tex. Penal Code Ann. § 49.04 (Vernon 2003), § 49.09 (Vernon Supp.
2009). The trial court assessed punishment at three years' imprisonment. By a single
issue, Sotelo contends that the trial court erred in overruling his objection to the State's
allegedly improper jury argument. We affirm.I. Background

 Around 11:23 p.m. on March 22, 2008, Port Aransas police officer Terry Syler
encountered a Chevy Impala blocking Mustang Island Beach's flow of vehicular spring
break traffic. Upon closer inspection, Officer Syler realized that the Impala had been
involved in a minor accident with a nearby Dodge truck. The Impala's front wheels were
buried in the sand and one of the wheels appeared broken; the driver, later identified by
Officer Syler as Sotelo, attempted to free the Impala by spinning its tires. Officer Syler
testified that he approached the driver's side of the Impala and asked Sotelo to exit. 
Officer Syler suspected that Sotelo was intoxicated because Sotelo's breath smelled of
alcohol, he was "unsteady on his feet," and his speech was slurred.

 Texas Department of Public Safety Trooper Eloy Vasquez arrived on the scene to
assist Officer Syler. Trooper Vasquez testified that, in addition to the signs of intoxication
noted by Officer Syler, Sotelo had "watery eyes" and kept repeating himself. Trooper
Vasquez testified that Sotelo responded "Yes" when asked if "he had been drinking a lot." 
Due to the large number of people and traffic on the beach, Trooper Vasquez transported
Sotelo to the parking lot of the Port Aransas Police Department to conduct sobriety testing. 
Trooper Vasquez testified that he conducted the horizontal gaze nystagmus test, the "walk
and turn" test, and the "one leg stand" test and that Sotelo failed each of the tests. 
Although Sotelo refused to take a breath test, Trooper Vasquez testified that in his opinion,
Sotelo "had lost his mental and physical faculties. He was intoxicated."

 Sotelo testified that he arrived at the beach around 8:30 p.m., intending to meet
several friends. Sotelo parked his mother's Impala and introduced himself to a few people
at a nearby bonfire. Sotelo testified that he offered to drive a man home a few hours later;
however, on cross-examination, Sotelo testified that he did not know the man's name. 
Sotelo admitted that he had consumed two beers that night and had two prior DWI
convictions. According to Sotelo, because he had seen many police officers on the beach,
he allowed the unidentified man to drive the Impala. Sotelo stated that he rode in the front
passenger seat as the man drove the Impala down the beach. At some point, a Dodge
truck backed into the Impala. Sotelo testified that he got out of the Impala and looked for
a cell phone to call the police, and the man who had been driving the Impala fled. Sotelo
insisted that no one was in the driver's seat when the police arrived. On cross-examination, Sotelo stated that he had not told the officers that someone else had been
driving the Impala at the time of the accident because "he was more concerned about [his]
vehicle."

 The jury found Sotelo guilty of third-degree felony driving while intoxicated, and the
trial court assessed punishment at three years' imprisonment. See Tex. Penal Code Ann.
§§ 49.04, 49.09. This appeal ensued. 

II. Jury Argument

 In his sole issue, Sotelo contends that the State's comments on his refusal to submit
to a breath test were improper, and the trial court erred by failing to sustain his objections
to those comments. 

 Closing arguments began with defense counsel's argument that the State had not
met its burden of proof. Defense counsel argued that evidence of the three field sobriety
tests conducted was unreliable and that Sotelo had the right to refuse to submit to a breath
test. During the State's closing argument, the following exchange occurred:

[State]: . . . And then [Sotelo] was offered the opportunity to
provide a breath sample. You know why? Because we
are always going to hear the argument, oh, these field
sobriety tests are too hard. No one can do it. So you
know what, he had his chance right there with his two
beers that he drank, to blow and prove to this Court and
to you all--




[Defense Counsel]: Objection, Your Honor. I just want to make sure the jury
doesn't think the burden is being shifted, and I'm going
to object to this part of the argument that my client has
any burden to prove anything. I think she's mentioned
that.


[State]: Your Honor, the refusal to perform the breath
sample--it has been used in court.


The Court: Overruled.


[State]: He had the opportunity to blow and show you that he
was below .08, and he refused. I know we talked about
this in voir dire about how that would take you to that
one level. And I wish I could give that to you, but it is
not up to me to give it. There was one person in this
room who could have given that evidence to you, and
he refused.


[Defense Counsel]: I'm going to object again. That's burden shifting, Your
Honor. It's inappropriate.


[State]: Your Honor, it is the same response. It can be used
against him in Court.


The Court: The evidence of his refusal is on the record. 

 

[State]: So again, that can be used against him. . . .


A. Was the State's Jury Argument Improper?

 We review a trial court's ruling on an objection to a jury argument under an abuse
of discretion standard. See York v. State, 258 S.W.3d 712, 717 (Tex. App.-Waco 2008,
pet. ref'd). "[P]roper jury argument generally falls within one of four general areas: (1)
summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to
argument of opposing counsel; and (4) plea for law enforcement." Brown v. State, 270
S.W.3d 564, 570 (Tex. Crim. App. 2008). To determine whether a party's argument
properly falls within one of these areas, we must consider the argument in light of the
record as a whole. See Rodriguez v. State, 90 S.W.3d 340, 364 (Tex. App.-El Paso 2001,
pet. ref'd). 

 The State contends that its argument was proper because it was an answer to
defense counsel's arguments and "the State may comment on appellant's failure to
produce witnesses and evidence in his favor, so long as the remark does not fault the
defendant for exercising his right not to testify." The State's argument on appeal begins
with a line of cases that address whether a statement is an improper comment on a
defendant's failure to testify. See Jackson v. State, 17 S.W.3d 664, 674 (Tex. Crim. App.
2000); Patrick v. State, 906 S.W.2d 481, 491 (Tex. Crim. App. 1995); Livingston v. State,
739 S.W.2d 311, 338 (Tex. Crim. App. 1987); Caron v. State, 162 S.W.3d 614, 618 (Tex.
App.-Houston [14th Dist.] 2005, no pet.). However, Sotelo does not contend that the
State's argument was a comment on his failure to testify; instead, he argues that the
State's argument improperly shifted the burden of proof to him. Accordingly, we focus our
analysis on whether the State attempted to shift its burden to Sotelo.

 Section 724.061 of the Texas Transportation Code provides that a person's refusal
to submit to a breath test may be introduced into evidence. Tex. Trans. Code Ann. §
724.061 (Vernon 1999). Because evidence of Sotelo's failure to take a breath test was in
evidence, the State could properly comment on his refusal in closing argument. See
Emigh v. State, 916 S.W.2d 71, 73 (Tex. App.-Houston [1st Dist.] 1996, no pet.); Jordan
v. State, 897 S.W.2d 909, 912-13 (Tex. App.-Fort Worth 1995, no pet.). However, the
issue before us is not whether the State erred by commenting on Sotelo's refusal to take
a breath test, but whether the State's comment improperly shifted the burden of proof to
Sotelo. We conclude that the State's argument was improper. 

 Although evidence of Sotelo's refusal to submit to a breath test was properly
introduced at trial, the State's comments went beyond merely summarizing the state of the
evidence. The record indicates that the State's comments began as an answer to defense
counsel's argument that the sobriety tests were unreliable; however, the State's argument
became improper when the State suggested that Sotelo had the burden "to blow and
prove" his innocence. By arguing that Sotelo had a chance "to prove" his innocence, the
State attempted to shift its burden to Sotelo. See Bartlett v. State, 270 S.W.3d 147, 153
(Tex. Crim. App. 2008) (concluding that although evidence of a person's refusal to submit
to a breath test may be introduced at trial because it tends to show a consciousness of
guilt, a jury is not authorized "to presume a consciousness of guilt from the refusal to take
a breath test"). Accordingly, we conclude that the State's argument was improper and the
trial court erred in overruling Sotelo's objection. See Abbott v. State, 196 S.W.3d 334, 343-44 (Tex. App.-Waco 2006, pet. ref'd) (concluding that jury argument was improper where
the State's closing argument misstated the law on the burden of proof). 

B. Did the Error Contribute to Sotelo's Conviction?

 Because the trial court erred in overruling Sotelo's objection, we must determine
whether reversal is required. See Tex. R. App. P. 44.2. "The law on the burden of proof
is constitutional: The Due Process Clause of the Fourteenth Amendment to the United
States Constitution requires that every state criminal conviction be supported by evidence
that a rational factfinder could find beyond a reasonable doubt." See Abbott, 196 S.W.3d
at 344. Moreover, the presumption of innocence "arises from the constitutional guarantee
of a fair and impartial trial." Id. (citing U.S. Const. amend. XIV). Because the error is
constitutional, we must reverse the trial court's judgment unless we determine beyond a
reasonable doubt that the error did not contribute to Sotelo's conviction. See Tex. R. App.
P. 44.2(a); Abbott, 196 S.W.3d at 344-45 (conducting a harm analysis under Texas Rule
of Appellate Procedure 44.2(a) after determining that the State's closing argument was
improper where it misstated the law on the burden of proof). 

 In conducting a harm analysis under rule 44.2(a), our emphasis is not on "the
propriety of the outcome of the trial." Scott v. State, 227 S.W.3d 670, 690 (Tex. Crim. App.
2007). Instead, we consider "the likelihood that the constitutional error was actually a
contributing factor in the jury's deliberations in arriving at that verdict." Id. In reaching this
decision, we consider: (1) the source and nature of the error; (2) the extent to which the
State emphasized the error; (3) the probable collateral implications of the error; (4) the
weight a juror would probably place upon the error; and (5) whether declaring the error
harmless would encourage the State to repeat it with impunity. Wall v. State, 286 S.W.3d
372, 374 (Tex. App.-Corpus Christi 2008, pet. ref'd) (citing Harris v. State, 790 S.W.2d
568, 587 (Tex. Crim. App. 1989)); Abbott, 196 S.W.3d at 344.

 Although the trial court erred by overruling Sotelo's objection, the source and nature
of the error was the State's improper jury argument attempting to shift the burden of proof
to Sotelo. Turning to the second through fourth factors, we note that aside from the above
cited argument, the jury was properly instructed on the burden of proof throughout the trial. 
During voir dire, the jury heard from defense counsel that the State had the burden to
prove that Sotelo was guilty of the offense of driving while intoxicated. Defense counsel
emphasized that Sotelo "has no burden at all to do anything." When trial began, the
State's opening argument informed the jury that the State had the burden to prove that
Sotelo committed the charged offense beyond a reasonable doubt. Defense counsel's
opening statement reminded the jury that "the State always has the burden" and that "the
burden never shifts to my client."

 Before closing arguments, the trial court charged the jury, in pertinent part, as
follows:

 Unless you so find beyond a reasonable doubt, or if you have a
reasonable doubt thereof, you will acquit the defendant of the felony offense
alleged in the indictment.


 . . . .


 All persons are presumed to be innocent and no person may be
convicted of an offense unless each element of the offense is proved beyond
a reasonable doubt. The fact that a person has been arrested, confined, or
indicted for, or otherwise charged with, the offense gives rise to no inference
of guilt at his trial. The law does not require a defendant to prove his
innocence or produce any evidence at all. The presumption of innocence
alone is sufficient to acquit the defendant, unless the jurors are satisfied
beyond a reasonable doubt of the defendant's guilt after careful and impartial
consideration of all the evidence in the case.


 The prosecution has the burden of proving the defendant guilty and
it must do so by proving each and every element of the offense charged by
reasonable doubt and if it fails to do so, you must acquit the defendant.


 . . . .


 In deciding the question of guilt or innocence, the jury shall be
governed by the law as it is stated in the charge. . . .


The charge was followed by defense counsel's closing argument emphasizing the State's
burden. After improperly attempting to shift the burden of proof to Sotelo via the previously
discussed closing argument, the State concluded its jury argument by stating that the State
bears the burden of proof and emphasizing that it had met its burden. 

 Sotelo does not contend that the evidence is legally or factually insufficient to
support his conviction. Moreover, the error did not occur until the State's closing argument
in the guilt-innocence phase of trial. The evidence does not suggest that the State
emphasized its error or that the jury would place undue weight on the State's improper
argument. Abbott, 196 S.W.3d at 344-45. Moreover, the jury was properly instructed on
the correct burden of proof numerous times throughout the trial. Because the jury is
presumed to follow these instructions, the impact of the State's improper argument was
likely negated to some extent. See Crocker v. State, 248 S.W.3d 299, 306-07 (Tex.
App.-Houston [1st Dist.] 2007, pet. ref'd).

 Finally, we must determine whether declaring the State's error harmless would
encourage the State to repeat it with impunity. See Abbott, 196 S.W.3d at 344. The
defense's closing argument questioned the reliability of the three sobriety tests given and
the veracity of the officer who conducted them. As previously discussed, the State's
argument, although improper, began as a response to defense counsel's arguments. 
Although the State's argument went beyond merely responding to defense counsel's
assertions, there is nothing in the record to suggest that the State intended to shift its
burden to Sotelo--Sotelo's refusal to take the breath test was not emphasized during the
trial. Morevoer, soon after its improper argument, the State referred to the correct burden
of proof, and the jury was instructed as to the correct standard numerous times throughout
the trial. 

 After due consideration of the each of the aforementioned factors, we are certain
that the State's error did not contribute to Sotelo's conviction. Accordingly, the complained-of error was harmless. See Tex. R. App. P. 44.2(a); Abbott, 196 S.W.3d at 345. Sotelo's
sole issue is overruled.III. Conclusion

 Having overruled Sotelo's sole issue, we affirm the trial court's judgment.

 ________________________

 ROGELIO VALDEZ

 Chief Justice

 

Do Not Publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed 

the 10th day of December, 2009.