

## NUMBER 13-09-00024-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**MANUEL SOTELO,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

### On appeal from the 28th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Chief Justice Valdez

A jury found appellant, Manuel Sotelo, guilty of the offense of driving while intoxicated ("DWI"), a third-degree felony in this case because of prior convictions for the same offense. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003), § 49.09 (Vernon Supp. 2009). The trial court assessed punishment at three years' imprisonment. By a single issue, Sotelo contends that the trial court erred in overruling his objection to the State's

allegedly improper jury argument.  We affirm.

## I. Background

Around 11:23 p.m. on March 22, 2008, Port Aransas police officer Terry Syler encountered a Chevy Impala blocking Mustang Island Beach's flow of vehicular spring break traffic.  Upon closer inspection, Officer Syler realized that the Impala had been involved in a minor accident with a nearby Dodge truck.  The Impala's front wheels were buried in the sand and one of the wheels appeared broken; the driver, later identified by Officer Syler as Sotelo, attempted to free the Impala by spinning its tires.  Officer Syler testified that he approached the driver's side of the Impala and asked Sotelo to exit.  Officer Syler suspected that Sotelo was intoxicated because Sotelo's breath smelled of alcohol, he was "unsteady on his feet," and his speech was slurred.

Texas Department of Public Safety Trooper Eloy Vasquez arrived on the scene to assist Officer Syler.  Trooper Vasquez testified that, in addition to the signs of intoxication noted by Officer Syler, Sotelo had "watery eyes" and kept repeating himself.  Trooper Vasquez testified that Sotelo responded "Yes" when asked if "he had been drinking a lot." Due to the large number of people and traffic on the beach, Trooper Vasquez transported Sotelo to the parking lot of the Port Aransas Police Department to conduct sobriety testing. Trooper Vasquez testified that he conducted the horizontal gaze nystagmus test, the "walk and turn" test, and the "one leg stand" test and that Sotelo failed each of the tests. Although Sotelo refused to take a breath test, Trooper Vasquez testified that in his opinion, Sotelo "had lost his mental and physical faculties.  He was intoxicated."

Sotelo testified that he arrived at the beach around 8:30 p.m., intending to meet several friends.  Sotelo parked his mother's Impala and introduced himself to a few people at a nearby bonfire.  Sotelo testified that he offered to drive a man home a few hours later;

2

however, on cross-examination, Sotelo testified that he did not know the man's name. Sotelo admitted that he had consumed two beers that night and had two prior DWI convictions. According to Sotelo, because he had seen many police officers on the beach, he allowed the unidentified man to drive the Impala. Sotelo stated that he rode in the front passenger seat as the man drove the Impala down the beach. At some point, a Dodge truck backed into the Impala. Sotelo testified that he got out of the Impala and looked for a cell phone to call the police, and the man who had been driving the Impala fled. Sotelo insisted that no one was in the driver's seat when the police arrived. On cross-examination, Sotelo stated that he had not told the officers that someone else had been driving the Impala at the time of the accident because "he was more concerned about [his] vehicle."

The jury found Sotelo guilty of third-degree felony driving while intoxicated, and the trial court assessed punishment at three years' imprisonment. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09. This appeal ensued.

## II. JURY ARGUMENT

In his sole issue, Sotelo contends that the State's comments on his refusal to submit to a breath test were improper, and the trial court erred by failing to sustain his objections to those comments.

Closing arguments began with defense counsel's argument that the State had not met its burden of proof. Defense counsel argued that evidence of the three field sobriety tests conducted was unreliable and that Sotelo had the right to refuse to submit to a breath test. During the State's closing argument, the following exchange occurred:

| [State]: | . . . And then [Sotelo] was offered the opportunity to provide a breath sample. You know why? Because we are always going to hear the argument, oh, these field |

|  |  |
|---|---|
|  | sobriety tests are too hard.  No one can do it.  So you know what, he had his chance right there with his two beers that he drank, to blow and prove to this Court and to you all— |
| [Defense Counsel]: | Objection, Your Honor.  I just want to make sure the jury doesn't think the burden is being shifted, and I'm going to object to this part of the argument that my client has any burden to prove anything.  I think she's mentioned that. |
| [State]: | Your Honor, the refusal to perform the breath sample—it has been used in court. |
| The Court: | Overruled. |
| [State]: | He had the opportunity to blow and show you that he was below .08, and he refused.  I know we talked about this in voir dire about how that would take you to that one level.  And I wish I could give that to you, but it is not up to me to give it.  There was one person in this room who could have given that evidence to you, and he refused. |
| [Defense Counsel]: | I'm going to object again.  That's burden shifting, Your Honor.  It's inappropriate. |
| [State]: | Your Honor, it is the same response.  It can be used against him in Court. |
| The Court: | The evidence of his refusal is on the record. |
| [State]: | So again, that can be used against him. . . . |

## A.    Was the State's Jury Argument Improper?

We review a trial court's ruling on an objection to a jury argument under an abuse of discretion standard.  *See York v. State*, 258 S.W.3d 712, 717 (Tex. App.–Waco 2008, pet. ref'd).  "[P]roper jury argument generally falls within one of four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement."  *Brown v. State*, 270

4

S.W.3d 564, 570 (Tex. Crim. App. 2008). To determine whether a party's argument properly falls within one of these areas, we must consider the argument in light of the record as a whole. *See Rodriguez v. State*, 90 S.W.3d 340, 364 (Tex. App.–El Paso 2001, pet. ref'd).

The State contends that its argument was proper because it was an answer to defense counsel's arguments and "the State may comment on appellant's failure to produce witnesses and evidence in his favor, so long as the remark does not fault the defendant for exercising his right not to testify." The State's argument on appeal begins with a line of cases that address whether a statement is an improper comment on a defendant's failure to testify. *See Jackson v. State*, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000); *Patrick v. State*, 906 S.W.2d 481, 491 (Tex. Crim. App. 1995); *Livingston v. State*, 739 S.W.2d 311, 338 (Tex. Crim. App. 1987); *Caron v. State*, 162 S.W.3d 614, 618 (Tex. App.–Houston [14th Dist.] 2005, no pet.). However, Sotelo does not contend that the State's argument was a comment on his failure to testify; instead, he argues that the State's argument improperly shifted the burden of proof to him. Accordingly, we focus our analysis on whether the State attempted to shift its burden to Sotelo.

Section 724.061 of the Texas Transportation Code provides that a person's refusal to submit to a breath test may be introduced into evidence. TEX. TRANS. CODE ANN. § 724.061 (Vernon 1999). Because evidence of Sotelo's failure to take a breath test was in evidence, the State could properly comment on his refusal in closing argument. *See Emigh v. State*, 916 S.W.2d 71, 73 (Tex. App.–Houston [1st Dist.] 1996, no pet.); *Jordan v. State*, 897 S.W.2d 909, 912-13 (Tex. App.–Fort Worth 1995, no pet.). However, the issue before us is not whether the State erred by commenting on Sotelo's refusal to take a breath test, but whether the State's comment improperly shifted the burden of proof to

5

Sotelo. We conclude that the State's argument was improper.

Although evidence of Sotelo's refusal to submit to a breath test was properly introduced at trial, the State's comments went beyond merely summarizing the state of the evidence. The record indicates that the State's comments began as an answer to defense counsel's argument that the sobriety tests were unreliable; however, the State's argument became improper when the State suggested that Sotelo had the burden "to blow and prove" his innocence. By arguing that Sotelo had a chance "to prove" his innocence, the State attempted to shift its burden to Sotelo. *See Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008) (concluding that although evidence of a person's refusal to submit to a breath test may be introduced at trial because it tends to show a consciousness of guilt, a jury is not authorized "to presume a consciousness of guilt from the refusal to take a breath test"). Accordingly, we conclude that the State's argument was improper and the trial court erred in overruling Sotelo's objection. *See Abbott v. State*, 196 S.W.3d 334, 343-44 (Tex. App.–Waco 2006, pet. ref'd) (concluding that jury argument was improper where the State's closing argument misstated the law on the burden of proof).

**B.      Did the Error Contribute to Sotelo's Conviction?**

Because the trial court erred in overruling Sotelo's objection, we must determine whether reversal is required. *See* TEX. R. APP. P. 44.2. "The law on the burden of proof is constitutional: The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that every state criminal conviction be supported by evidence that a rational factfinder could find beyond a reasonable doubt." *See Abbott*, 196 S.W.3d at 344. Moreover, the presumption of innocence "arises from the constitutional guarantee of a fair and impartial trial." *Id.* (citing U.S. CONST. amend. XIV). Because the error is

constitutional, we must reverse the trial court's judgment unless we determine beyond a reasonable doubt that the error did not contribute to Sotelo's conviction. *See* TEX. R. APP. P. 44.2(a); *Abbott*, 196 S.W.3d at 344-45 (conducting a harm analysis under Texas Rule of Appellate Procedure 44.2(a) after determining that the State's closing argument was improper where it misstated the law on the burden of proof).

In conducting a harm analysis under rule 44.2(a), our emphasis is not on "the propriety of the outcome of the trial." *Scott v. State*, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007). Instead, we consider "the likelihood that the constitutional error was actually a contributing factor in the jury's deliberations in arriving at that verdict." *Id.* In reaching this decision, we consider: (1) the source and nature of the error; (2) the extent to which the State emphasized the error; (3) the probable collateral implications of the error; (4) the weight a juror would probably place upon the error; and (5) whether declaring the error harmless would encourage the State to repeat it with impunity. *Wall v. State*, 286 S.W.3d 372, 374 (Tex. App.–Corpus Christi 2008, pet. ref'd) (citing *Harris v. State*, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989)); *Abbott*, 196 S.W.3d at 344.

Although the trial court erred by overruling Sotelo's objection, the source and nature of the error was the State's improper jury argument attempting to shift the burden of proof to Sotelo. Turning to the second through fourth factors, we note that aside from the above cited argument, the jury was properly instructed on the burden of proof throughout the trial. During voir dire, the jury heard from defense counsel that the State had the burden to prove that Sotelo was guilty of the offense of driving while intoxicated. Defense counsel emphasized that Sotelo "has no burden at all to do anything." When trial began, the State's opening argument informed the jury that the State had the burden to prove that

7

Sotelo committed the charged offense beyond a reasonable doubt. Defense counsel's opening statement reminded the jury that "the State always has the burden" and that "the burden never shifts to my client."

Before closing arguments, the trial court charged the jury, in pertinent part, as follows:

> Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of the felony offense alleged in the indictment.
>
> . . . .
>
> All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.
>
> The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged by reasonable doubt and if it fails to do so, you must acquit the defendant.
>
> . . . .
>
> In deciding the question of guilt or innocence, the jury shall be governed by the law as it is stated in the charge. . . .

The charge was followed by defense counsel's closing argument emphasizing the State's burden. After improperly attempting to shift the burden of proof to Sotelo via the previously discussed closing argument, the State concluded its jury argument by stating that the State bears the burden of proof and emphasizing that it had met its burden.

Sotelo does not contend that the evidence is legally or factually insufficient to

support his conviction. Moreover, the error did not occur until the State's closing argument in the guilt-innocence phase of trial. The evidence does not suggest that the State emphasized its error or that the jury would place undue weight on the State's improper argument. *Abbott*, 196 S.W.3d at 344-45. Moreover, the jury was properly instructed on the correct burden of proof numerous times throughout the trial. Because the jury is presumed to follow these instructions, the impact of the State's improper argument was likely negated to some extent. *See Crocker v. State*, 248 S.W.3d 299, 306-07 (Tex. App.–Houston [1st Dist.] 2007, pet. ref'd).

Finally, we must determine whether declaring the State's error harmless would encourage the State to repeat it with impunity. *See Abbott*, 196 S.W.3d at 344. The defense's closing argument questioned the reliability of the three sobriety tests given and the veracity of the officer who conducted them. As previously discussed, the State's argument, although improper, began as a response to defense counsel's arguments. Although the State's argument went beyond merely responding to defense counsel's assertions, there is nothing in the record to suggest that the State intended to shift its burden to Sotelo—Sotelo's refusal to take the breath test was not emphasized during the trial. Morevoer, soon after its improper argument, the State referred to the correct burden of proof, and the jury was instructed as to the correct standard numerous times throughout the trial.

After due consideration of the each of the aforementioned factors, we are certain that the State's error did not contribute to Sotelo's conviction. Accordingly, the complained-of error was harmless. *See* TEX. R. APP. P. 44.2(a); *Abbott*, 196 S.W.3d at 345. Sotelo's sole issue is overruled.

9

### III. Conclusion

Having overruled Sotelo's sole issue, we affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do Not Publish.
Tex. R. App. P. 47.2(b)
Delivered and filed
the 10th day of December, 2009.